**Lynne A. DADAS, Plaintiff,**

v.

**PRESCOTT, BALL & TURBEN, Defendant.**

**No. C81–1150.**

United States District Court, N. D. Ohio, E. D.

Dec. 8, 1981.

William N. Goldstein, Cleveland, Ohio, for plaintiff.

Donald C. Scriven and John B. Lewis, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

WHITE, District Judge.

The plaintiff, Lynne A. Dadas, alleges that she began working for defendant Prescott, Ball & Turben pursuant to a written contract of employment. During the course of her employment plaintiff became pregnant. She took a maternity leave but expected to return shortly after the birth of her baby. However when she attempted to return the defendant refused to rehire her. The plaintiff asserts that she has been discriminated against on the basis of her sex and that the defendant's action is in dero- gation of plaintiff's right to due process of law and equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution and Article I Section 2 of the Ohio Constitution. The plaintiff's amended complaint alleges that the plaintiff was wrongfully discharged in contravention of Ohio Public Policy and in violation of Ohio Revised Code § 4112.01 et seq. Plaintiff prays for compensatory and punitive damages and for a jury trial. The Court's jurisdiction is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 and the doctrine of pendant jurisdiction as to the second cause of action.

The defendant has filed a motion to strike and dismiss plaintiff's amended complaint for several reasons. The plaintiff agrees that Paragraph 12 of the complaint alleging violations of the Fourteenth Amendment to the United States Constitution and Article I Section 2 of the Ohio Constitution as well as the Exhibits attached to the complaint should be stricken. Therefore these issues will not be discussed.

The Sixth Circuit has held that compensatory and punitive damages are not available in Title VII Actions. *EEOC v. Detroit Edison Company*, 515 F.2d 301 (6th Cir. 1975) vacated on other grounds, 431 U.S. 951, 97 S.Ct. 2669, 53 L.Ed.2d 267 (1977), *Harrington v. Vandalia-Butler Board of Education* 585 F.2d 192 (6th Cir. 1978) *cert. denied* 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed. 660 (1979). The reasoning supporting this conclusion is that Title VII does not specifically authorize the Award of either compensatory or punitive damages. The Act provides only for equitable relief but compensatory and punitive damages are legal remedies. *DeGrace v. Rumsfeld*, 614 F.2d 796 (1st Cir. 1980) *Richerson v. Jones*, 551 F.2d 918 (3rd Cir. 1977), *Pearson v. Western Electric Company*, 542 F.2d 1150 (10th Cir. 1976), *Lee v. Trans World Airlines, Inc.*, 509 F.Supp. 1182 (W.D.Mo.1981), and *An-Ti Chai v. Michigan Technological University*, 493 F.Supp. 1137 (W.D.Mich. 1980). Since the Act does not provide for a legal remedy it follows that a jury trial is

not available under Title VII. *Johnson v. Georgia Highway Express*, 417 F.2d 1122 (5th Cir. 1969), *An-Ti Chai v. Michigan Technological University*, supra., *Martinez v. Bethleham Steel Corporation*, 78 F.R.D. 125 (E.D.Pa.1978). *Baker v. City of Detroit*, 458 F.Supp. 379 (E.D.Mich.1978).

The defendant also asserts that this Court does not have jurisdiction over plaintiff's state claim for wrongful discharge.

The leading case concerning the District Court's jurisdiction over State causes of action is *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Court held that pendant jurisdiction exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made, and the relationship between that claim and the State claim permits the conclusion that the entire action before the Court comprises one constitutional case. The State and Federal claims must derive from a common nucleus of operative fact. The claims must be such that would ordinarily be expected to be tried in one proceeding. But the power to hear the State claim along with the Federal claim need not be exercised in every case. Pendant jurisdiction is a doctrine of discretion.

■ Plaintiff's Title VII action is one arising under the Laws of the United States. Basically she claims she was discriminated against and discharged on account of her sex. The State claim is one for wrongful discharge. The Court concludes that both claims arise out of a common nucleus of operative fact. In the interest of judicial economy they should be tried in one proceeding. Therefore the Court will exercise its power of pendant jurisdiction over plaintiff's second cause of action.

The next issue to be decided is whether plaintiff's second cause of action states a claim upon which relief can be granted. The defendant asserts that Ohio Revised Code § 4112.01 *et seq.* does not create a private right of action nor does the State of Ohio recognize a cause of action for wrongful discharge.

*Howard v. State Farm Insurance Company*, 61 Ohio App.2d 198, 401 N.E.2d 462 (1978) involved this precise issue. The Court stated that there was no common law cause of action for employment discrimination in Ohio. This right is created only by statute. The Court found that Chapter 4112 of the Ohio Revised Code is the sole legal remedy under Ohio law for a person alleging unlawful employment discrimination.

■ The Ohio legislature has established an administrative procedure for remedying sex discrimination by employers. 4112.01 *et seq.* The Ohio Civil Rights Commission is created by § 4112.03. Ohio Revised Code § 4112.05 authorizes this Commission to accept charges of discriminatory practices. When a complainant is aggrieved by a final order of the Commission he may seek judicial review. Ohio Revised Code § 4112.06. However, administrative procedures must first be followed. The plaintiff having failed to exhaust her administrative procedures may not have an action under Ohio Revised Code § 4112. *Howard v. State Farm Insurance Company*, supra.

The defendant also asserts that neither the State law nor the public policy of Ohio creates a cause of action for wrongful discharge.

Paragraph 5 of plaintiff's complaint alleges that she began work at Prescott, Ball & Turben pursuant to a written contract that provided for a salary, bonus, and benefits in excess of Twenty Thousand Dollars ($20,000) per year.

■ The law in Ohio is that a contract employing a person without any agreement as to period of service is to be deemed a hiring at will subject to termination at the will of either party. *La France Electrical Construction and Supply Company v. International Brotherhood*, 108 Ohio St. 61 (1923), *Henkel v. Educational Research Council of America*, 45 Ohio St.2d 249, 344 N.E.2d 118 (1976).

In *Henkel v. Educational Research Council of America*, supra, the Court stated that:

206

"[I]n the absence of facts and circumstances which indicate that the agreement is for a specific term, an employment contract which provides for an annual rate of compensation but makes no provision as to the duration of the employment, is not a contract for one year, but is terminable at the will of either party."

There are no public policy exceptions to this rule. The Court in *Fawcett v. G. C. Murphy & Company*, 46 Ohio St.2d 245, 348 N.E.2d 144 (1976) held that the right of an employer to terminate employment for any cause at any time is absolute and cannot be limited by principles which protect persons from gross or reckless disregard of their rights; willful, wanton or malicious acts or acts done intentionally with insult or in bad faith.

■ The State of Ohio has enacted procedures for the remedy of sexual discrimination in employment in addition to Federal law on this subject. There is no law in Ohio providing a cause of action for wrongful discharge of employment based on public policy. The plaintiff submits that even if plaintiff is an employee at will, plaintiff's counsel will show at trial that Ohio law affords a civil remedy for a wrongful discharge. The plaintiff has not cited any Ohio law supporting this contention. Now is the time to show the Court of its existence. Plaintiff's complaint does not contain an allegation of employment for a duration of time. Therefore for the reasons stated the claim for wrongful discharge and contravention of public policy fails to state a claim for relief.

Accordingly, Paragraph 12 of plaintiff's complaint and the exhibits attached are stricken. The defendant's motion to dismiss plaintiff's claim for compensatory, punitive, and special damages and demand for a jury trial as to plaintiff's Title VII Action is GRANTED. The Court exercises its discretionary right to allow jurisdiction of plaintiff's pendant state action. However, the State action is dismissed for failure to state a claim upon which relief may be granted. It may be possible that the employment contract does contain an agreement for employment for a duration of time. If so plaintiff could possibly have a cause of action for breach of contract. In that event the plaintiff may amend her complaint to state this cause of action within Thirty (30) days of this Order.

IT IS SO ORDERED.