Robert MERKEL, Jacob M. Hughes, Michael Cain, Plaintiffs,

v.

SCOVILL, INC., Defendant.

Nos. C-1-82-149 to C-1-82-151.

United States District Court, S.D. Ohio, W.D.

March 11, 1983.

134

James B. Helmer, Jr., Cincinnati, Ohio, for plaintiffs; William E. Clements, Ann Lugbill, Cincinnati, Ohio, of counsel.

Charles Weiner, Cincinnati, Ohio, for defendant; Stanford G. Wilson, Robert Thompson, Atlanta, Ga., of counsel.

## OPINION AND ORDER

SPIEGEL, District Judge:

This matter came on for a hearing on cross-motions for reconsideration (docs. 38, 41) of our Opinion and Order of January 27, 1983 (doc. 35) and plaintiffs' memorandum in opposition (doc. 43). Several issues are before the Court. For the reasons given below, the Court holds that a plaintiff who brings an action in federal court pursuant to the Age Discrimination Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and section 4101.17 or 4112.02(N) of the Ohio Revised Code and subsequently files a charge with the Ohio Civil Rights Commission (OCRC) pursuant to O.R.C. § 4112.05 to satisfy the ADEA's requirement that a plaintiff commence state proceedings, 29 U.S.C. § 633(b), may proceed with both his federal and state claims if the Court finds it appropriate to retain the pendent claim. However, a plaintiff who files a charge with the OCRC *before* bringing a civil action pursuant to the ADEA and either section 4101.17 or 4112.02(N), is barred by state law from pursuing his state judicial remedy and accordingly his pendent state claim must be dismissed. The Court also concludes that a private cause of action for

retaliatory discharge is not available under O.R.C. § 4112.02(N). Ohio common-law does provide a cause of action for wrongful discharge where the discharge results from an employee's refusal to commit perjury.

## INTRODUCTION

These consolidated actions arose out of a series of events which eventually lead to the discharge of the three plaintiffs. Plaintiffs Cain and Hughes assert that they were discharged because of their age, but defendant responds that the discharge followed plaintiffs' unauthorized taking of company property. Plaintiff Merkel, who is not in the protected age group and who was discharged several months after Cain and Hughes, contends that he was discharged in retaliation for participating in Cain's hearing before the OCRC and for refusing to sign an affidavit prepared by defendant; defendant answers that Merkel was discharged for giving inconsistent statements and for refusing to participate in an investigation of Cain's age discrimination charge.

Plaintiffs Cain and Hughes allege age discrimination in violation of the ADEA and O.R.C. § 4101.17. Plaintiff Merkel alleges violations of 29 U.S.C. § 623(d) of the ADEA and O.R.C. § 4112.02(N), both of which prohibit retaliatory action against employees who assist in the investigation of age discrimination claims. Merkel also asserts a common-law cause of action for wrongful discharge, arguing that he was discharged because he refused to commit perjury at the request of his employer.

For the purposes of these motions for reconsideration, the only critical fact issue is undisputed and goes to the relationship between the date of the lawsuits and the date of filing discrimination claims with the OCRC. Plaintiff Cain timely filed a charge with the Equal Employment Opportunity Commission (EEOC) who referred it to the OCRC; he then brought his lawsuit joining his federal and state claims. Plaintiff Hughes filed his lawsuit joining federal and state claims before filing a charge with the OCRC. Plaintiff Merkel similarly brought his action under federal and state law before filing a claim with the OCRC.

The Court heard argument December 15, 1982 on defendant's motion for summary judgment or to dismiss some of plaintiffs' claims. In our Opinion and Order of January 27, 1983 (doc. 35), we declined to enter judgment for defendant, finding that there are unresolved genuine issues of material fact. With respect to the motion to dismiss some of the claims, a number of legal issues were presented to the Court, including:

1. Whether a plaintiff who brings a lawsuit alleging age discrimination under both Ohio and federal law before filing a charge with the OCRC has commenced state proceedings for purposes of the ADEA's jurisdictional requirement, 29 U.S.C. § 633(b);

2. If the Court finds that such a plaintiff has commenced state proceedings for purposes of the ADEA, whether the Court must dismiss the state claim on the basis of state law;

3. Whether a plaintiff who brings an age discrimination suit under Ohio and federal law *after* filing a charge with the OCRC is prevented by state law from proceeding with his state claim;

4. Whether O.R.C. § 4112.02(N) provides a private cause of action for retaliatory discharge;

5. Whether Ohio common-law provides a cause of action for wrongful discharge where the discharge is based upon an employee's refusal to perjure himself; and

6. Whether punitive and compensatory damages are available under Ohio law.

The Court found first that Hughes and Merkel were barred by state law from commencing state proceedings as required by the ADEA and accordingly dismissed their federal claims as well as their pendent state claims. Secondly, because Cain had filed a charge with the OCRC prior to initiating his lawsuit, the Court concluded he had commenced state proceedings and permitted him to proceed with both federal and state

claims without any discussion of issue (3). Third, the Court found that compensatory and punitive damages are available under Ohio law. Having dismissed plaintiff Merkel, the Court did not decide issues (4) and (5).

## MOTIONS TO RECONSIDER

Plaintiffs Hughes and Merkel have asked us to reconsider the first of our holdings. Defendant has requested reconsideration of our second holding. We granted both requests and are grateful for the opportunity for additional argument and clarification of these two important issues. We conclude that our earlier decisions were wrong with respect to both of these issues and, therefore, reverse.

Because plaintiffs Merkel and Hughes have commenced state proceedings and can continue with their federal claims, and because their state and federal claims arise out of common nucleus of operative fact, we find it appropriate to exercise pendent jurisdiction over their state claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Therefore, we must consider the two state issues not addressed in our earlier Opinion, (issues 4 and 5) above.

### A. *Applicable State Law*

Both of the issues we are asked to reconsider involve three sections of the Ohio Revised Code, all of which provide remedies for age-based employment discrimination. Section 4101.17, which is addressed solely to age discrimination in employment, allows an aggrieved employee to institute a civil action in any court of competent jurisdiction. Section 4112.02, a far more inclusive anti-discrimination statute, also provides a private cause of action for age discrimination. O.R.C. § 4112.02(N). Finally, section 4112.05 permits an individual to enforce rights created by section 4112.02 administratively rather than judicially by filing a charge with the OCRC. Sections 4101.17 and 4112.02(N) both provide that an individual who proceeds under either of these sections is barred from bringing an action under the other statute or from filing a charge with the OCRC pursuant to section 4112.05. Section 4112.08 provides that an individual who files a charge with the OCRC is barred from bringing a civil action under either section 4101.17 or section 4112.02(N). An aggrieved individual thus is free to proceed with either his judicial or his administrative remedy under state law, but the statutory scheme requires him to elect between these remedies.

### B. *Federal Requirements for Commencing State Proceedings*

■ In our earlier Opinion we concluded that plaintiffs Merkel and Hughes were barred from filing a charge with the OCRC because they had earlier brought civil actions pursuant to O.R.C. §§ 4112.02(N) and 4101:17 respectively and the ADEA. The commencement of state proceedings is a jurisdictional prerequisite to bringing an action under the ADEA. 29 U.S.C. § 633(b); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). We concluded that Merkel and Hughes' filing with the OCRC would ordinarily be sufficient for the ADEA's commencement purposes, but that the unequivocal language of the Ohio statutes barred plaintiffs from commencing state proceedings. Accordingly we dismissed the federal claims of plaintiffs Merkel and Hughes.

■ Upon reconsideration and reflection we conclude that we were in error. The language of the pertinent Ohio statutes is unequivocally clear. Once an aggrieved individual brings a civil action under O.R.C. §§ 4101.17 or 4112.02(N), as did Hughes and Merkel, he cannot initiate administrative proceedings. However, for purposes of commencing a state proceeding under the ADEA, it is equally clear that *all* a plaintiff is required to do is present the state agency with a written and signed statement describing his claim of discrimination. The commencement requirement of the ADEA appears at 29 U.S.C. § 633(b). That section also provides:

> If *any* requirement for the commencement of such proceedings is imposed by

state authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have commenced for the purposes of this subsection at the time such a statement is sent by registered mail to the appropriate State authority (emphasis added).

It is immaterial that the filing of a charge with the state agency is barred by state statutes of limitation. *Oscar Mayer*, 441 U.S. at 753, 99 S.Ct. at 2070. State law thus cannot deprive an aggrieved individual of his federal rights to protection. "Congress did not intend to foreclose federal relief simply because state relief was also foreclosed." *Id.* at 761, 99 S.Ct. at 2074. *See also Ewald v. Great Atlantic & Pacific Tea Co., Inc.*, 620 F.2d 1183, 1186 (6th Cir. 1980), *cert. denied*, 451 U.S. 985, 101 S.Ct. 2319, 68 L.Ed.2d 843 (1981).

■ Accordingly, we reverse our earlier holding and now find that plaintiffs Hughes and Merkel commenced state proceedings when they filed charges with the OCRC after having brought their civil actions pursuant to federal and Ohio law. Having fulfilled the ADEA's jurisdictional requirement, 29 U.S.C. § 633(b), they may now proceed with their claims under the ADEA.

C. *Effect of State Law on Pendent Claims*

Defendant contends that if the Court finds that Hughes and Merkel commenced state proceedings for purposes of the ADEA it must then dismiss their state claims. In essence, defendant argues that under Ohio law an aggrieved individual must elect whether to proceed administratively or judicially and that once the Court finds that such an individual has commenced state proceedings, it logically must conclude that the individual is barred by state law from proceeding with his judicial state law remedy.

We note first that Ohio's statutory scheme is unusual in that it establishes administrative proceedings but also provides an aggrieved employee with judicial reme-

dies. We also note that the language of the Ohio statutes clearly reveal the legislature's intent that individuals asserting age-based discrimination elect whether to proceed administratively or judicially.

■ Nevertheless, we do not accept defendant's argument. Chief Judge Carl B. Rubin recently pointed out the problems posed by that argument in *Krenning v. Darling & Company*, 572 F.Supp. 923 (S.D. Ohio 1983). First, because plaintiffs elected to proceed with state claims under O.R.C. §§ 4101.17 and 4112.02(N), it is their untimely charges with the OCRC pursuant to section 4112.05 which should be barred rather than the earlier section 4101.17 or 4112.02(N) claims. As we held in the preceding section, however, barring the administrative proceeding would be contrary to the intent of Congress in enacting the ADEA. Second, although Hughes stated inaccurately on his charge with the OCRC that he had "not commenced any action under Section 4101.17 or 4112.02 (N)" and that he understood "that upon filing of this charge [he was] barred from instituting any such civil action" (doc. 38, ex. B–1), we agree with Chief Judge Rubin that this statement should not prevent him from proceeding with his state claim as an age discrimination plaintiff is required by the ADEA and *Oscar Mayer* to commence state proceedings even though he knows such proceedings will be futile. Chief Judge Rubin pointed out that if defendant's argument were accepted, an Ohio plaintiff would be unable to join a claim under the ADEA with either of the judicial remedies provided by the Ohio legislature. We hold, therefore, with Chief Judge Rubin, that a charge filed with the OCRC pursuant to O.R.C. § 4112.05 after the commencement of a civil action joining federal and Ohio claims does not require the dismissal of the state statutory claims.

■ Plaintiff Cain, however, is a different position, for he filed his charge with the OCRC before initiating his civil action. Counsel for plaintiff stated in open court that the reasoning of *Krenning* requires the dismissal of Cain's state law claim. We

recognize the apparent inconsistency of permitting plaintiffs Hughes and Merkel to proceed with their state law claims while at the same time dismissing Cain's state law claim. In Cain's case, however, he exercised his right under Ohio law to proceed administratively and, therefore, he is prevented by that state law from proceeding with his state judicial remedy. Any other result would ignore the clear intent of the Ohio legislature that aggrieved individuals must elect their remedy.

Plaintiffs Hughes and Merkel, on the other hand, elected to proceed with their state judicial remedy and federal remedy jointly. That the federal claim required the subsequent commencement of administrative proceedings did not negate the fact that their first election was to proceed judicially. In summary, we find that plaintiffs Hughes and Merkel may proceed on their state claims pursuant to O.R.C. §§ 4101.17 and 4112.02(N) respectively. The state claim of plaintiff Cain pursuant to O.R.C. § 4101.17, however, is dismissed.

## PENDENT JURISDICTION

Defendant, however, presents a second ground for dismissing the state law claims, arguing that retention of those claims is inconsistent with principles of pendent jurisdiction. Defendant relies on several district court cases holding that the federal remedy supersedes the state remedy. *See, e.g., Douglas v. American Cyanamid Co.,* 472 F.Supp. 298 (D.Conn.1979), dismissing a state claim for defamation joined with an ADEA claim. *Pandis v. Sikorsky Aircraft,* 431 F.Supp. 793 (D.Conn.1977). Defendant maintains that the risk of jury confusion and the predominance of state issues require the dismissal of the state claims. Defendant points out, for example, that the concept of just cause is an element of the state law claims under O.R.C. § 4101.17 but not of the ADEA claims, and that to recover punitive damages under state law plaintiff must prove that defendant acted maliciously whereas to recover liquidated damages under the ADEA, plaintiff need prove only that defendant acted willfully. De-

fendant also raises the danger of double recoveries if plaintiffs are permitted to proceed with both federal and state claims.

The Court agrees that it has the discretion to dismiss pendent state claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Under *Gibbs,* the Court may retain state claims if the federal claim is substantial, there is a "common nucleus of operative facts" and the claims are such that the expectation is that they would be considered in one judicial proceeding. In deciding whether to hear pendent claims, the Court should consider judicial economy, convenience, and fairness. *Id.* at 726, 86 S.Ct. at 1139.

The three requirements of *Gibbs* are clearly met. Further we find it is more economical, convenient and fair to allow these claims to proceed together. Although counsel for defendant stated that defendant was prepared to defend against the allegations in both federal and state court, we do not believe either the federal or state judicial system would be well served by such a result. Further, once an ADEA proceeding is commenced, that proceeding "supersede[s] any State action," 29 U.S.C. § 633(a), which we read as a bar to state judicial proceedings so long as the federal action is pending. If we dismiss the pendent claims, plaintiffs would be prevented from acting on their state claims until the proceedings before this Court conclude.

We also do not find the risk of jury confusion substantial, for in our experience juries have proved quite competent in sorting out claims and applying the proper standards to each. Carefully drafted jury instructions can eliminate this risk. Nor do we find that state issues predominate merely because the elements of proof may be different for federal and state claims.

Although the Court in *Pandis* found that the federal remedy should take precedence over the state remedy, it also found it inappropriate to retain the pendent claim because it was not clear that the Connecticut statute upon which the plaintiff relied pro-

vided that plaintiff with a judicial remedy. 431 F.Supp. at 796. The *Douglas* Court, although quoting *Pandis,* did not expressly hold that the ADEA remedy superseded that provided by the state. 472 F.Supp. at 304–05. The Court declined to exercise pendent jurisdiction on the ground that allowing the plaintiff to proceed on the defamation claim would permit the recovery of damages which were not available under the ADEA including damages for loss of reputation and embarrasment, and punitive damages. *Id.* at 305–06. The Court also noted that the ADEA and the defamation claims grew out of different factual bases. *Id.*

The situation in *Douglas* is not unlike the one we face. We held earlier that compensatory and punitive damages may be available as part of the "appropriate remedy" authorized by O.R.C. § 4101.17(B) but are not available under the ADEA (doc. 35). By retaining the state pendent claims, therefore, we allow plaintiffs to do indirectly what they cannot do directly. *See also Deutsch v. Carl Zeiss, Inc.,* 529 F.Supp. 215 (S.D.N.Y.1981).

Nevertheless, and even though we find the *Douglas* rationale appealing, we find it appropriate to retain the pendent claims in the instant case. A major factor in our decision is the additional elements of proof required for the state claims. To recover punitive damages under Ohio law, for example, the plaintiff must prove that defendant acted maliciously. Therefore, we do not believe that retaining the state law claims permits the plaintiff to do indirectly what he cannot do directly under the ADEA, that is recover compensatory and punitive damages. Furthermore, unlike the situation in *Douglas,* the claims for compensatory and punitive damages here arise out of the same factual basis as the ADEA claims.

The risk of double recovery, however, does concern us. The risk rises primarily in conjunction with the ADEA's provision of liquidated damages where the unlawful discrimination is willful and the availability of punitive and compensatory damages under Ohio law where the employer has acted maliciously. The recovery of both liquidated damages under the ADEA and punitive damages under Ohio law would not, in our view, be appropriate. Counsel for plaintiffs, however, argued persuasively that the risk of such a double recovery can be minimized through a combination of carefully drafted jury instructions and special interrogatories to the jury.

For all of these reasons, and particularly the safeguard provided by Rule 49(b), Fed. R.Civ.P., which authorizes the Court to examine the jury's response to special interrogatories and take appropriate action before entering judgment, we find it appropriate to retain jurisdiction over the state law claims of plaintiffs Hughes and Merkel. We must, therefore, consider two other issues raised by defendant's original motion, that is, the request to dismiss plaintiff Merkel's claims under O.R.C. § 4112.02(N) and the common-law of Ohio.

## RETALIATORY DISCHARGE UNDER O.R.C. § 4112.02(N)

Section 4112.02(I) provides that it shall be an unlawful discriminatory practice:

> [f]or any person to discriminate in any manner against any other person because that person . . . has made a charge, testified, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.

Plaintiff Merkel alleges that his discharge was based upon his participation in the investigation of Cain's age discrimination charge. He then asserts that § 4112.02(N) permits him to bring his claim for relief in court rather than first exhausting administrative remedies.

Section 4112.04(A)(6) authorizes the OCRC to investigate written charges of discriminatory practices prohibited by § 4112.-02. Section 4112.05 outlines the OCRC's administrative proceedings and § 4112.06 provides that any person claiming to be aggrieved by a final order of the OCRC may obtain judicial review. Section 4112.-02(N) provides in pertinent part that

[a]n aggrieved individual may enforce *his* rights relative to discrimination *on the basis of age* as provided for in this section by instituting a civil action . . . (emphasis added).

Plaintiff Merkel reads this section to give him a cause of action without first exhausting OCRC proceedings.

There is no Ohio case law interpreting section 4112.02(N). However, we agree with defendant that the statutory language is clear and permits only those individuals allegedly discriminated against because of *their age* to proceed directly to court. All other plaintiffs alleging discriminatory discharge, including those like Merkel with a claim for retaliatory discharge, must first exhaust administrative proceedings. Although *Dadas v. Prescott, Ball & Turben,* 529 F.Supp. 203, 205 (N.D.Ohio 1981) involved a claim of sex discrimination, and was decided prior to the enactment of section 4112.02(N), we adopt that court's finding that plaintiffs alleging discriminatory discharge must exhaust administrative proceedings before bringing an action.[1]

Plaintiff Merkel's claim for retaliatory discharge pursuant to O.R.C. § 4112.02(N) is thus dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P.

### COMMON LAW OF WRONGFUL DISCHARGE

Defendant asserts that Merkel's common-law claim for wrongful discharge must be dismissed on the ground that under Ohio law, employment for an indefinite period of time may be terminated without cause at the will of either party. Plaintiff responds that the at will doctrine in Ohio is not absolute and permits exceptions based on public policy grounds. Alleging that his discharge was based on his refusal to commit perjury, plaintiff Merkel contends that the at will doctrine does not apply.

Ohio law is well-settled that either party may terminate an employment at will at any time and for any non-discriminatory reason. *Henkel · v. Educational Research Council of America,* 45 Ohio St.2d 249, 251, 344 N.E.2d 118 (1976). That a discharge is willful, wanton or malicious does not give rise to a cause of action. *Fawcett v. G.C. Murphy & Co.,* 46 Ohio St.2d 245, 249–50, 348 N.E.2d 144 (1976).

Plaintiff Merkel, however, points out that no Ohio court has considered the precise issue raised here—whether a discharge based upon an employee's refusal to commit perjury gives rise to a cause of action. He points out that the criminal prohibitions against perjury render his case distinct and asserts that courts which have had to face this issue have recognized a cause of action.

We agree with plaintiff Merkel that there is an important difference between a discharge that is in gross disregard of an employee's rights and one that is based upon a refusal to commit an illegal act. The Ohio legislature has placed specific limits upon the at will doctrine by making it unlawful to discharge employees on the basis of sex, age, race, color, religion, ancestry, national origin or handicap, O.R.C. § 4112.02(A), or to discharge employees in retaliation for their opposition to unlawful discrimination or participation in civil rights investigations, O.R.C. § 4112.02(I). We believe these restrictions reflect the legislature's position that certain behavior is antithetical to the general welfare of this state's citizens.

We find that perjury and the suborning of perjury are similarly antithetical to our society's health as well as destructive of our judicial system. We concur with the reasoning in *Peterman v. International Brotherhood of Teamsters,* 174 Cal.App.2d 184, 344 P.2d 25 (Dist.Ct. of App., 1959), that to effectuate the state policy against perjury, it is appropriate for a court to limit an employer's right to discharge an employee

---

**1.** We note, however, that the *Dadas* holding is modified by the exception provided after the *Dadas* decision by the Ohio legislature in · O.R.C. § 4112.02(N) for plaintiffs in the protected age group asserting discharge based upon their age.

where the basis for the discharge is refusal to commit perjury. In *Morman v. Indiana & Michigan Electric Company,* C–1–80–211 (S.D.Ohio, Aug. 13, 1981), we found that discharging a plaintiff in retaliation for exercising his rights under the Jones Act violated the public policy of the United States and thus denied defendant's motion for a stay of execution pending appeal. *See also* C. Peck, *Unjust Discharges from Employment: A Necessary Change in the Law,* 40 Ohio St. L.J. 1, 44–46 and cases cited therein (1979). Accordingly, defendant's motion to dismiss plaintiff Merkel's common-law cause of action is denied.

## CONCLUSION

In summary, both plaintiffs' and defendant's motion to reconsider are granted. All plaintiffs may proceed with their federal claims. Plaintiff Hughes may also proceed with his state claim pursuant to O.R.C. § 4101.17. Plaintiff Cain's state claim pursuant to O.R.C. § 4101.17 is hereby dismissed. Plaintiff Merkel's state claim for retaliatory discharge pursuant to O.R.C. § 4112.02(N) is hereby dismissed, but he may proceed with his common-law claim for wrongful discharge. In accordance with our earlier Order (doc. 35), plaintiffs Hughes and Merkel may proceed with their claims for punitive and compensatory damages in conjunction with their state claims.

SO ORDERED.