**Robert S. MASON, Plaintiff,**

v.

**MIDWESTERN FIDELITY CORPORATION, et al., Defendants.**

**Nos. C-1-82-683, C-1-84-023.**

United States District Court,
S.D. Ohio, W.D.

July 18, 1984.

Robert W. Maxwell, II, Cincinnati, Ohio, for plaintiff.

James K.L. Lawrence, Cincinnati, Ohio, Kalvin M. Grove, Chicago, Ill., for defendants.

SPIEGEL, District Judge:

These consolidated cases are before the Court on a number of motions, each of which will be considered in turn. For reasons that follow, we find that defendants' motion to dismiss the complaint in C–1–84–023 (doc. 5) on grounds that plaintiff failed to give the Equal Employment Opportunity Commission (EEOC) sixty days notice of his age discrimination claim before filing suit should be denied. However, as plaintiff has not commenced state proceedings, this matter shall be held in abeyance so that plaintiff may file a written charge of age discrimination with the Ohio Civil Rights Commission (OCRC). By joint motion, the parties shall notify the Court either· that the OCRC has dismissed the charge as untimely or that sixty days have passed without a settlement, whichever date is earlier.

As we assume plaintiff will commence state proceedings thereby giving us jurisdiction over his federal age discrimination claim, and in the interest of facilitating settlement and/or moving this case more expeditiously toward trial, we elect to decide all other pending motions at this time.

Having found that we shall have jurisdiction over the federal claim after plaintiff commences state proceedings, we exercise our discretion and retain jurisdiction over plaintiff's pendent claim pursuant to Ohio Rev.Code § 4101.17. Defendants' motion to dismiss plaintiff's state claims for punitive and compensatory damages is also denied.

Defendants' motion to dismiss the complaint in C–1–82–683 (doc. 35) on the grounds that plaintiff has failed to state a claim under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq. is denied. Also denied is defendants' motion to strike the jury demand in C–1–82–683 (doc. 36).

## I.

The procedural background of these two consolidated cases is ample evidence of the procedural complications that can arise in an action brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, despite Congress' obvious desire to create a simple and straightforward remedy. The following facts are undisputed. On June 17, 1982 plaintiff Robert Mason filed a charge with the EEOC alleging age discrimination. The following day, plaintiff filed an action against defendants in the Court of Common Pleas alleging violations of the ADEA, Ohio Rev.Code § 4101.17 and ERISA. Defendants removed the action to this Court where it was docketed as C–1–82–683.

Nine months after plaintiff filed his EEOC charge, the EEOC by letter dated April 5, 1983 informed plaintiff that it had been advised that plaintiff had filed a private suit. The letter stated further that pursuant to its usual policy, the EEOC would terminate administrative processing of plaintiff's charge (exh. A, doc. 5, C–1–84–023). Defendants filed a motion to dismiss or for summary judgment on June 30, 1983. This Court subsequently issued an order dismissing plaintiff's ADEA claim with leave to refile on the grounds that plaintiff had failed to comply with the notice requirement of § 626(d) which requires plaintiff to give the EEOC sixty-days notice prior to filing a private civil action. We also dismissed plaintiff's pendent state claims under Ohio Rev.Code § 4101.17, concluding that as we lacked jurisdiction over the ADEA claim, it was appropriate to dismiss the pendent state claim (doc. 34, C–1–82–683).

Plaintiff notified the EEOC of our order dismissing his ADEA action. By letter dated January 3, 1984 the EEOC advised that the Commission had no intention of reopening the investigation of plaintiff's June 17, 1982 charge (attachment 1, doc. 6). On January 5, 1984, two days before the ADEA's two-year statute of limitations arguably would have run, plaintiff filed his complaint in C–1–84–023. That complaint alleges two causes of action for age discrimination, one pursuant to the ADEA and the other pursuant to Ohio Rev.Code's § 4101.17.

## II.

The first motion for consideration is defendants' motion to dismiss the complaint in C–1–84–023 pursuant to Fed.R.Civ.P. 12(b)(1) (doc. 5), plaintiff's memorandum in opposition (doc. 6) and defendants' reply (doc. 7). For reasons that follow, defendants' motion is denied.

A. Defendants argue that plaintiff's federal age discrimination claim should be dismissed on the grounds that plaintiff has again failed to give the EEOC sixty days notice of the alleged discrimination so that the EEOC might have an opportunity to pursue an administrative remedy. Defendants note that only one day elapsed following the plaintiff's filing of a charge with the EEOC and his filing of the original lawsuit. Defendants state further that fewer than sixty days elapsed between the dismissal of the original age claims in the initial lawsuit and the refiling of this action. Defendants also state that there was no charge pending before the EEOC during this latter period. Defendants argue that by refiling his age claims without attempting to file a new charge with the EEOC, plaintiff has failed to fulfill the jurisdictional notice requirement of the ADEA.

It is well-settled that the sixty-days notice requirement is jurisdictional. *Ewald v. Great Atlantic & Pacific Tea Co., Inc.,* 620 F.2d 1183 (6th Cir.1980), *vacated and remanded,* 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980); *see also* doc. 34, C–1–82–683 at 8 and cases cited therein. Because we view this requirement as jurisdictional, we dismissed plaintiff's federal age claims some months ago. However, we find that plaintiff has now satisfied this jurisdictional requirement.

First, it is undisputed that plaintiff did in fact file a charge of age discrimination with the EEOC on June 17, 1982. Nine months later the EEOC terminated its administrative proceeding because it had been

notified that plaintiff had filed a lawsuit alleging age discrimination (exh. A to doc. 5). As far as we can tell, no administrative proceedings took place between the filing of the charge and the date on which the EEOC closed its file. It is also apparent that on or after December 5, 1983, plaintiff notified the EEOC that this Court had dismissed his federal age claims (exh. 1, doc. 6). That the EEOC choose not to reopen the file was a decision over which plaintiff had no control.

In other words, if we treat June 17, 1982 as the date on which plaintiff filed an age discrimination claim with the EEOC, approximately eighteen months passed before he filed his second lawsuit. If, on the other hand, we treat December 5, 1983 as the date on which he filed his age discrimination claim, less than sixty days elapsed before the filing of the second lawsuit. However, the second lawsuit was not filed until after plaintiff had received a letter from the EEOC stating that it would not reopen his file. That statement has the same effect as one by the EEOC saying that it will not administratively process a charge. We do not see what more plaintiff could do to satisfy the jurisdictional requirement.

Moreover, we find that the policies behind the sixty-day requirement have not been contravened. This situation is not unlike that presented in *McLaurin v. Fisher*, C–1–82–1032 (S.D.Ohio Oct. 26, 1983) (Rubin, C.J.). That case, also alleging age discrimination, was brought against two defendants. One of the defendants, the University of Cincinnati, moved to dismiss plaintiff's federal age discrimination claims because plaintiff failed to wait sixty days after filing a charge with the EEOC before filing suit. The motion was granted. Plaintiff subsequently refiled his complaint against the University and the two cases were consolidated. The private defendant then moved to dismiss the case against him on the basis of plaintiff's failure to satisfy the sixty-day notice requirement. The Court noted that plaintiff's failure to comply with the statute was identical with respect to both defendants, but only the University had raised the jurisdictional defect within the sixty-day period. The remaining defendant waited until after the sixty-day period had passed before seeking summary judgment on the grounds of the jurisdictional defect. Because the sixty-day period had passed, the Court declined to grant summary judgment for the private defendant.

Defendants maintain that *McLaurin* was based on the fact that there was evidence that consolidation had actually been attempted by the parties and the EEOC. We disagree. The better reading is that summary judgment is inappropriate against a plaintiff who does not satisfy the sixty-day notice period where the issue is not raised until after the jurisdictional time period has passed because by that point all jurisdictional requirements have been met. The Court also noted that during that sixty-day period nothing had occurred in the lawsuit itself other than the filing of pleadings and briefing of the University's motion to dismiss.

Moreover, it is not up to the plaintiff to be sure that the EEOC begins conciliation efforts. Indeed, it is likely that the administrative agency acts solely on its own time table. In this case, the EEOC took no action in the sixty days after plaintiff filed his charge. At that point, plaintiff could have filed his lawsuit. During this same period of time nothing of real substance occurred in the lawsuit other than some discovery skirmishing. Indeed, defendants did not even file their motion for partial summary judgment on the age claims based on the jurisdictional defect until June 30, 1983, close to a year after the charge was filed with the EEOC. Given the reasoning of *McLaurin*, we now find that we should have denied the original motion as sixty days had passed and the EEOC had been given an opportunity to effect conciliation. Be that as it may, we do not believe the sixty-day notice requirement of the ADEA requires us to dismiss the ADEA claim a second time. It is simply beyond

our comprehension what more plaintiff could do to satisfy this requirement.

We stress that we do not condone plaintiff's conduct. Congress clearly intended that victims of age discrimination give the EEOC sixty days in which to try to effect a conciliation. This case is ample proof that a plaintiff who follows the scheme set out by Congress will more likely achieve a speedy resolution of his claim then will one who seeks to avoid the sixty-day requirement. This matter has now been pending for two years. Had plaintiff filed his charge with the EEOC, waited sixty days and then filed his lawsuit, matters could have proceeded without unnecessary complication, expense to the parties, and waste of judicial resources.

Having found that plaintiff has now satisfied the sixty-day notice requirement, we conclude that defendants' motion to dismiss the federal claim on the basis of the sixty-day notice requirement must be and hereby is dismissed.

B. Defendant also argues that the ADEA claim must be dismissed because plaintiff failed to commence state proceedings as required by 29 U.S.C. § 633(b). Defendant first asserts that plaintiff is barred by state law from commencing a state administrative proceeding because he elected to pursue his judicial remedy pursuant to Ohio Rev.Code § 4101.17. We disagree for the reasons given in *Merkel v. Scovill,* 570 F.Supp. 133, 136–37 (S.D.Ohio 1983), *app. pending.*

Defendant next insists that plaintiff has never given written notice of his age discrimination claim to the OCRC and, therefore, has not commenced state proceedings. Plaintiff argues that he commenced state proceedings when he sent written notice of his claim to the EEOC August 11, 1982.

Commencement of state proceedings is a jurisdictional prerequisite. 29 U.S.C. § 633(b); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60

L.Ed.2d 609 (1979). Plaintiff has not cited nor have we found any cases holding that sending written notice to the EEOC satisfied the commencement requirement.[1] Moreover, the ADEA requires a plaintiff to send written notice of the alleged discrimination to the EEOC, 29 U.S.C. § 626(d), *and,* in a deferral state like Ohio, to the state agency, 29 U.S.C. § 633(b). Because these requirements are contained in different parts of the ADEA, we conclude that notice to the federal agency does not satisfy the state commencement requirement of § 633(b). We find, therefore, that plaintiff has not commenced state proceedings.

This failure, however, does not justify dismissing the ADEA claim. *Oscar Mayer,* 441 U.S. at 764–65, 99 S.Ct. at 2075–2076. Pursuant to the Supreme Court's directive, we shall hold this matter in abeyance until plaintiff's charge with the OCRC is dismissed as untimely or until sixty days have passed without a settlement, whichever date is earlier. Defendants' motion to dismiss, therefore, is denied. The parties shall jointly notify the Court when the earlier of these two dates has passed.

### III.

Having determined that we have jurisdiction over plaintiff's ADEA claim, we exercise our discretion and retain jurisdiction over plaintiff's pendent state claims pursuant to Ohio Rev.Code § 4101.17. Accordingly, we shall consider defendants' joint motion to dismiss plaintiff's claims for punitive and compensatory damages (doc. 10). Plaintiff has filed a memorandum in opposition (doc. 11A) to which defendants have replied (doc. 12).

Defendants acknowledge that this Court has ruled that compensatory and punitive damages are available in age claims pursuant to Ohio Rev.Code § 4101.17. *Merkel v. Scovill, Inc.,* 570 F.Supp. 133 (S.D.Ohio 1983, *app. pending* ). It argues,

---

1. *Volk v. Multi-Media, Inc.,* 516 F.Supp. 157 (S.D.Ohio 1981) relied on by plaintiff is inapposite as it is addressed solely to equitable tolling of the 180-day period for giving written notice of alleged discrimination to the EEOC.

however, that we should reconsider our holding.

The analysis set forth by defendants is somewhat different than that presented by the parties in *Merkel.* Nonetheless, and having reviewed the authorities cited by defendants, we remain persuaded that the Supreme Court of Ohio would permit compensatory and punitive damages in suits pursuant to Ohio Rev.Code § 4101.17.

In addition, we find ourselves unpersuaded by the preemption argument posed by defendants. First, the statutory scheme enacted by Congress envisions that states will also provide mechanisms by which persons subject to age discrimination can seek relief. Second, we find no conflict between the liquidated damages provision of the ADEA and permitting compensatory and punitive damages under Ohio Rev.Code § 4101.17. In *Merkel* we subtracted the amount of liquidated damages awarded pursuant to the ADEA from the amount of compensatory damages awarded pursuant to the state statute so as to avoid double recovery.

Furthermore, although it is settled law that the ADEA does not permit recovery for emotional distress, permitting recovery under state law for emotional distress does not circumvent the ADEA. We recognize the problems created by permitting plaintiffs to join an ADEA claim with a state claim for compensatory damages. However, courts have succeeded in preventing evidence addressed to state compensatory damages from infecting the judgment on an ADEA claim. *See, e.g., Cancellier v. Federated Department Stores,* 672 F.2d 1312 (9th Cir.), *cert. denied,* 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982). In that case, the court retained jurisdiction over state contract and tort claims in conjunction with ADEA claims on the theory that the various theories of recovery were entirely different in nature and scope. The Court considered the preemption argument but ruled that it

was for Congress, not the court, to determine whether state remedies trenched too closely on the federal scheme. *Id.* at 1318.

An age claim pursuant to Ohio Rev.Code § 4101.17 is not entirely different in nature and scope from an ADEA claim. However, the compensatory and punitive damages available under the state statute are entirely different in nature and scope for those available under the ADEA. Our experience in *Merkel* persuades us that juries are able to distinguish between the two types of damages and to render a verdict accordingly. Moreover, by using special interrogatories, a court can further insure that the evidence addressed to state damages does not infect the verdict on the ADEA claim.

We conclude that allowing plaintiffs to proceed simultaneously under the ADEA and Ohio Rev.Code § 4101.17 does not contravene the federal scheme. Accordingly, we continue to follow the reasoning that we adopted in *Merkel.*[2] Defendants' motion is accordingly denied.

### IV.

Also before the Court are two defense motions filed in the earlier case, C–1–82–683. The first of these is a motion to dismiss (doc. 35), plaintiff's memorandum in opposition (doc. 38) and defendants' reply (doc. 40). Defendants have also moved to strike the jury demand (doc. 36); plaintiff has opposed this motion (doc. 38) and defendants have replied (doc. 39). Both motions are addressed to plaintiff's claims under ERISA, 29 U.S.C. §§ 1001 *et seq.*

In our opinion and order of November 28, 1983 we found that plaintiff had stated a cause of action under 29 U.S.C. § 1132(a)(1)(B). We concluded that a provision of the Summary Plan Description of the Midwestern Fidelity Corporation Employee Profit Sharing Plan was a term of the Midwestern Plans for purposes of that section. We held moreover that plaintiff's ERISA claim would be considered only in-

---

**2.** We have also considered the arguments raised by defendants in their earlier motion on the issue of punitive and compensatory damages

filed as doc. 31 in C–1–82–683 in reaching this conclusion.

sofar as it was brought "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan" (doc. 34 at 14). We concluded that the issue for trial is "whether any of the defendants can be said to have acted in such a manner so as to deprive the plaintiff of rights or benefits due him under the Midwestern Plan itself." *Id.* In the introduction to its supporting memorandum, defendants state that our findings "effectively redefined the plaintiff's ERISA claim in a manner contrary to the language of the statute of the plan, the summary plan description and the case law" (doc. 35 at 2). In other words, defendants seek reconsideration of our decision in the guise of a motion to dismiss.

Although defendant offered exhibits in support of its motion to dismiss, we decline to consider those exhibits. Accordingly, we must treat its motion under the standards for a Rule 12(b)(6) motion. In other words, the motion may not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976), quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Having already considered defendants' exhaustive arguments once, we decline to consider them again as we decided earlier that it was possible that plaintiff could prove a set of facts in support of his claim. We deny that we have redefined plaintiff's claim. Instead, we eliminated a considerable part of that claim as we concluded that we did not have jurisdiction over the larger ERISA claim.

Accordingly, as we find that we have already addressed defendants' arguments at length and in light of the standard of review for a motion to dismiss, we find that defendants' motion to dismiss must be and hereby is denied.

With respect to defendants' motion to strike the jury demand (doc. 36), we agree with defendants that the weight of authority is that a jury is not available for ERISA claims. However, plaintiff is entitled to a jury on his ADEA and state law claims. Accordingly, we decline to strike the jury demand.

If this matter goes to trial, we shall treat it as we treat cases in which plaintiffs allege violations of both 42 U.S.C. § 1983 and Title VII. In other words, we shall use the jury as an advisory jury for purposes of the ERISA claim.

### V.

In conclusion, defendants' motion to dismiss plaintiff's ADEA claim is denied. Defendants' joint motion to dismiss the state law claims for compensatory and punitive damages is similarly denied.

Also denied is defendants' motion to dismiss plaintiff's ERISA claim and the motion to strike the jury demand.

This matter shall be held in abeyance until the parties jointly notify the Court either that the OCRC has dismissed plaintiff's age discrimination charge or that sixty days have passed without resolution.

SO ORDERED.