This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court granting defendants-appellees', Paul W. Goldberg, et al., motion to dismiss for lack of subject matter jurisdiction and transferring the case to the State Employment Relations Board.
On February 28, 1994, the Ohio Department of Rehabilitation and Correction ("ODRC") employed plaintiff-appellant, Harry C. Turner, III, as a correction officer and assigned him to the Trumbull Correctional Institution ("TCI") in Levittsburg, Ohio in June 1995, where he was employed at the inception of this appeal. Thereafter, appellant joined the Ohio Civil Service Employees Association ("OCSEA"), AFSCME Local 11, an employee organization. In January 1996, George Adamrovich, OCSEA's president, appointed appellant as union steward to represent union employees at TCI.
In the summer of 1996, several female correction officers approached appellant, alleging that the ODRC and OCSEA unlawfully discriminated against them. In August, appellant filed unlawful discrimination charges with the Ohio Civil Rights Commission ("OCRC") pursuant to R.C. Chapter 4112. Appellant released copies of these charges to several area news agencies who published reports of the filing. On September 4, 1996, appellant received written notice of his removal as union steward with OCSEA. OCSEA's Board Policy No. 15A gives chapter presidents the right to appoint and remove the chapter stewards.
On September 16, 1996, appellant filed a complaint alleging that appellees: (1) violated his substantive and procedural due process rights and his freedom of speech rights under the United States and Ohio Constitutions pursuant to § 1983; and (2) wrongfully retaliated against him pursuant to R.C. 4112.02. On November 29, 1996, the trial court granted appellees' motion to dismiss for lack of subject matter jurisdiction, finding that appellant's claim concerned an unfair labor practice as defined by R.C. 4117.11, and thus, was under the exclusive jurisdiction of the State Employment Relations Board ("SERB") to which the court transferred the case. Appellant filed a notice of appeal on December 23, 1996.
Appellant sets forth four assignments of error on appeal.
Appellant's first and second assignment of error are similar in nature, and therefore, will be discussed together. They allege respectively as follows:
 "The trial court erred in determining that this claim constitutes a claim of an 'unfair labor practice' as defined in R.C. 4117.11 and that this claim should be transferred to the State Employment Relations Board. (Judgement Entry, rendered and filed November 29, 1996).
 "The trial court erred in determining that it did not have subject matter jurisdiction to hear this case. (Judgement Entry, rendered and filed November 29, 1996)."
Appellant argues that the trial court erred in characterizing his claim as an unfair labor practice and in transferring it to SERB. Appellant contends that his claim involved wrongful retaliation pursuant to R.C. 4112 and that the trial court had jurisdiction to hear the matter.
R.C. 4112.02(I) provides:
"It shall be an unlawful discriminatory practice:
 "(I) For any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code."
The doctrine of exhaustion of administrative remedies is a well-established principle of Ohio law. Nemazee v. Mt. SinaiMedical Ctr. (1990), 56 Ohio St.3d 109, 111 (quoting, Noernbergv. Brook Park (1980), 63 Ohio St.2d 26, 29). That is, in an administrative matter, a party must exhaust the administrative appeal system prior to seeking court action. Nemazee, supra.
The purpose for this doctrine is to give judicial deference to an administrative agency so that it may utilize its special expertise and provide a trial court with a detailed record to make a "more informed and precise determination" in the event of judicial review. Nemazee, supra at 112.
In Merkel v. Scovill, Inc., (S.D. Ohio 1983), 570 F. Supp. 133, plaintiff Merkel alleged that he was wrongfully discharged for participating in the investigation of plaintiff Cain's age discrimination charge. The court held that the statutory language of R.C. 4112.02(N) allows only those individuals who have been discriminated against because of their age to proceed directly to court. Merkel, supra. The court stressed that "all other plaintiffs alleging discriminatory discharge including those like Merkel with a claim for retaliatory discharge, must first exhaust administrative proceedings." Merkel, supra at 140. Accordingly, the court dismissed Merkel's claim for retaliatory discharge for failure to state a claim upon which relief can be granted. Merkel, supra.
Comparatively, R.C. 4117.11(B)(1) states:
 "It is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to:
 "(1) Restrain or coerce employees in the exercise of the rights guaranteed in Chapter 4117 of the Revised Code. This division does not impair the right of an employee organization to prescribe its own rules with respect to the acquisition or retention of membership therein, or an employer in the selection of his representative for the purpose of collective bargaining or the adjustment of grievances."
The Ohio Const. Art. IV, Sec. 4 provides that the common pleas court may only exercise jurisdiction fixed by statute. Pursuant to R.C. 4117, SERB has exclusive jurisdiction to remedy alleged unfair labor practices between public employers and employee organizations. Franklin Cty. Law Enforcement Assn.v. Fraternal Order of Police, Capital City Lodge No. 9 (1991),59 Ohio St.3d 167, 170. " 'Where a statute which creates a new right, prescribes the remedy for its violation, the remedy is exclusive * * *.' " Franklin County, supra at 169 (quoting,Zanesville v. Fannan (1895), 53 Ohio St. 605). R.C. 4117.11
establishes the right of public employees and employers to be free from 'unfair labor practices' and R.C. 4117.12(A) specifies that such practices are remediable by SERB. FranklinCounty, supra. Accordingly, SERB's jurisdiction is exclusive, and consequently, R.C. 4117 disallows the filing of a private action in the court of common pleas. Franklin County, supra.
The Ohio Supreme Court, in E. Cleveland v. E. ClevelandFirefighters Local 500, I.A.F.F. (1994), 70 Ohio St.3d 125,127-128, set forth two broad areas where SERB has exclusive jurisdiction, stating:
 "* * * In our view, exclusive jurisdiction to resolve charges of unfair labor practices is vested in SERB in two general areas: (1) where one of the parties files charges with SERB alleging an unfair labor practice under R.C. 4117.11; or (2) a complaint brought before the court of common pleas alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11, and the trial court therefore dismisses the complaint for lack of subject matter jurisdiction."
The standard of review for a motion to dismiss pursuant to Civ.R. 12(B)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint." State, ex rel.Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80. On appeal, an appellate court considers the issue de novo, reviewing the issue independently of the trial court's decision. Shockey v.Fouty (1995), 106 Ohio App.3d 420, 424.
The trial court did not err in dismissing this case for lack of subject matter jurisdiction and in transferring the case to SERB. Appellant alleged that OCSEA discharged him from his appointed position as union steward after he filed unlawful discrimination charges with OCRC against OSCEA and ODRC on behalf of certain female employees. R.C. 4117.11(B)(1) makes it an "* * * unfair labor practice for an employee organization * * * to: (1) Restrain or coerce employees in the exercise of the rights guaranteed * * *" in this Chapter. In that event, SERB has exclusive jurisdiction to hear the matter.
Here, as in Merkel, supra, appellant's claim alleged retaliatory discharge. The Merkel court stressed that plaintiffs claiming retaliatory discharge, other than claims based on age discrimination, must exhaust all administrative remedies before proceeding to the common pleas court. Furthermore, the Ohio Supreme Court in Franklin County, supra
confirmed SERB's exclusive jurisdiction to remedy claims of alleged unfair labor practices, which consequently, prohibits a plaintiff from filing his or her action with the common pleas court. In following the legislature's administrative scheme, we find that it was imperative for appellant to have filed his claim with SERB. The trial court appropriately dismissed appellant's complaint for lack of subject matter jurisdiction and transferred the case to SERB, as the state court was not a cognizable forum for the case to be heard initially.
Appellant's first and second assignments of error are without merit.
Appellant's third assignment of error alleges:
 "It was an abuse of discretion for the trial court not to grant the Motion for Leave to File Amended Complaint wherein the court had subject-matter jurisdiction to hear claims violative of 42 U.S.C. § 1983
(hereinafter "§ 1983") and justice would have been better served in granting the aforesaid motion (Judgement Entry, rendered and filed November 29, 1996)"
Appellant argues that OSCEA violated his First, Fifth andFourteenth amendment rights under the U.S. Constitution and similar provisions under the Ohio Constitution pursuant to42 U.S.C. § 1983. Appellant contends that appellees were clothed with the authority of state law.
42 U.S.C. § 1983 provides:
 "Every person who, under color of any statute, ordinance, regulations, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
Section 1983 affords a remedy to persons whose federal rights have been violated by governmental officials if that person can establish that "(1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." St. Clair Corp. v. Cleveland (1990), 49 Ohio St.3d 33,34.
A union is a private actor and its alleged discriminatory representation does not constitute state action for Section 1983 purposes. Armstrong v. Schools Dist. (E.D. Pa. 1984),597 F. Supp. 1309. However, a union may be considered a state actor if a plaintiff can show that the union was clothed with governmental authority. Driscoll v. International Union ofOperating Engineers (C.A. 7 1973), 484 F.2d 682.
The trial court did not abuse its discretion in implicitly denying appellant's motion for leave to file an amended complaint because appellant failed to state a claim upon which relief could be granted. A cause of action pursuant to Section 1983 does not lie against non-governmental actors. OSCEA is an employee organization. Its actions against appellant were made in a private capacity, and thus, OSCEA does not fall within the purview of Section 1983. Furthermore, the record does not establish that OSCEA was clothed with governmental authority. Any amendment to appellant's complaint would be meaningless.
Appellant's third assignment of error is without merit.
Appellant's fourth assignment of error alleges:
 "It was an abuse of discretion for the trial court not to determine that the proper venue to hear this cause was Trumbull County, Ohio. (Judgment Entry, rendered and filed November 29, 1996)."
Appellant argues that the trial court erred in not changing venue to Trumbull County. Appellant contends that venue should be changed because the principal appellee, Adamrovich, resides in Trumbull County, the cause occurred in Trumbull County, and eleven of appellant's seventeen witnesses reside in Mahoning and Trumbull County.
The trial court apparently deemed this issue moot as it made no ruling on appellant's motion for change of venue, having dismissed the case for lack of subject matter jurisdiction. Even if the trial court had expressly denied appellant's motion to change venue, that ruling is not a final appealable order, and this court has no jurisdiction to review the issue.State ex rel Allied Chemical Co. v. Aurelius (1984), 16 Ohio App.3d 69. Obviously, the trial court found it unnecessary to rule on appellant's motion for change of venue when it dismissed this case for lack of jurisdiction.
Appellant's fourth assignment of error is without merit.
The judgement of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.
APPROVED:
 ----------------------------- EDWARD A. COX, JUDGE
Hon. Edward A. Cox, Hon. Gene Donofrio, Hon. Joseph J. Vukovich, JUDGES.