**Ralph Zadic BELL, Plaintiff,**

v.

**DESOTO MEMORIAL HOSPITAL, INC., a Florida corporation, Defendant.**

**No. 91–349–CIV–FTM–17(D).**

United States District Court, M.D. Florida, Fort Myers Division.

Jan. 24, 1994.

James Walter Kaywell, Wotitzky & Wotitzky, Punta Gorda, FL, for plaintiff.

David J. Stefany, Hogg, Allen, Norton & Blue, P.A., Tampa, FL, for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion for summary judgment, filed April 8, 1993, and response and reply thereto, filed respectively May 28, 1993, and June 16, 1993.

This action is brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (1988) ("ADEA"), joined with a pendent state claim under the Florida Human Rights Act of 1977, as amended, § 760.01 *et seq.*, Florida Statutes (1991) ("FHRA"). Plaintiff charges defendant with discrimination in employment on the basis of age.

Defendant's motion for summary judgment is brought pursuant to Rule 56(c), Fed.R.Civ. P., which provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

A material fact is one which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citation omitted). On a motion for summary judgment, a court must review the record and all its inferences, in the light most favorable to the nonmoving

party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also stated, "Rule 56(c) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

### FACTS

Plaintiff, Ralph Zadic Bell, commenced employment with Desoto Memorial Hospital ("DMH") in November, 1979 as Director of Materials Management. From December 1, 1983 until December 1, 1988, DMH Vice President of Finance Jeffrey Smith directly evaluated Bell's job performance. From December 1, 1988 until December 21, 1989, Bell's performance was assessed by the hospital's Controller, Leigh Lupton. Robert Johnson succeeded Mr. Lupton as hospital Controller on December 21, 1989, and conducted Bell's performance evaluations from that date until Bell's termination on February 6, 1991.

During the first eight years of his employment with DMH, Bell's performance was considered generally adequate by hospital administration. In December 1988, Jeffrey Smith reorganized Bell's reporting relationship so that the Director of Materials Management would report directly to the hospital's Controller. For the five previous years, the Director of Materials Management reported directly to the Vice President of Finance. As a result of this change, Bell be-

came the only department director reporting to and being supervised by another department director.

From 1979 through 1991, DMH underwent significant changes in its organizational structure and size of operations. The hospital doubled in the size of its physical plant, experiencing a concomitant increase in its employees and patient beds. With these changes came a proportionate increase in the responsibilities of many DMH department directors, including Bell.

In 1988, Vice President Smith counseled Bell concerning his communications with other hospital employees and the need for him to improve his interpersonal relationships with other department directors and co-workers. In December 1989, Bell was given his annual performance evaluation in which Smith, Leigh Lupton and Tom Stone (DMH Administrator) participated. During this performance evaluation, Bell was specifically counseled that he would be in jeopardy of losing his employment with the hospital unless his performance improved.

On May 15, 1990, Robert Johnson (who had replaced Lupton as Controller) conducted a disciplinary counseling session with Bell, specifically noting four areas in which Bell was required to show improvement to maintain his employment with DMH. This written performance counseling was followed by another on May 30, 1990 and October 9, 1990. Bell declined to sign the October 9, 1990 memorandum as required by hospital policy unless his handwritten revisions were incorporated into a revised memorandum.

Bell was terminated from his employment on February 6, 1991, and was replaced by a thirty-nine year old employee. Plaintiff alleges that the rationale for his termination was based on age animus and that the Defendant's stated reasons for discharge are pretextual.

## DISCUSSION

### A. Prima Facie Case

■ On a motion for summary judgment in an age discrimination complaint, plaintiff has the initial burden of establishing a prima facie case of discrimination. This Circuit has adopted a variation of the four-pronged test set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), that allows a plaintiff to establish a prima facie case under the ADEA with circumstantial evidence by proving: (1) that he is a member of the protected group; (2) that adverse employment action was taken against him; (3) that he was replaced by a person outside the protected group; and (4) that he was qualified for the position for which he was rejected. *Castle v. Sangamo Weston,* 837 F.2d 1550, 1558 (11th Cir.1988); *Goldstein v. Manhattan Indus., Inc.,* 758 F.2d 1435, 1442 (11th Cir.), *cert. denied* 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985) (quoting *Pace v. Southern Ry. System,* 701 F.2d 1383, 1386 (11th Cir.), *cert. denied* 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983)). The underlying record proves, and Defendant does not challenge, the first three elements of the modified *McDonnell Douglas* test. Defendant contends, however, that Plaintiff has failed the fourth prong of the test.

■ This fourth prong may be established by evidence that plaintiff has performed his responsibilities for several years without complaint. *Baker v. Sears, Roebuck and Co.,* 903 F.2d 1515, 1520 (11th Cir.1990). From November 1979 to December 1987, Plaintiff and Defendant both agree that Plaintiff received generally satisfactory ratings on his annual performance evaluations.

■ In creating the *McDonnell Douglas* test, the Court stressed that it cannot be mechanically applied because age discrimination tends to be more subtle than gender or race discrimination. The parties agree that Bell performed satisfactorily for the first eight years of his employment with DMH. It was only within the last three years of his employment, in the face of significant growth and changes within the hospital's organizational structure, that annual performance evaluations reflected evidence of dissatisfaction. In viewing the evidence in the light most favorable to the nonmoving party and resolving all differences in his favor, as we must, this Court finds that Plaintiff has established a prima facie case.

## B. Pretext

█ The fact that a plaintiff has established a prima facie case does not in and of itself foreclose the possibility of summary judgment being granted in favor of the employer. *Pace,* 701 F.2d at 1391. Once a plaintiff produces sufficient evidence to establish a prima facie case of age discrimination, the burden then shifts to the employer to produce credible evidence of a legitimate, nondiscriminatory reason for terminating the employee. This requirement is satisfied when the employer's evidence "raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207, 216 (1981).

█ In the instant case, Defendant's reasons for terminating the Plaintiff stem from Plaintiff's continued failure to positively respond to performance evaluations and counseling sessions over a three year period. From his annual evaluation in December 1989 until his date of termination, Plaintiff was repeatedly cautioned as to the impact of his deteriorating interpersonal communication skills on his continued employment. Although Bell contends that he performed his job satisfactorily at all times, he does not contest the factual basis of many of the incidents referenced in his evaluations and counseling sessions; only the significance of their occurrence and the manner in which they were addressed by hospital administration.

We emphasize that we do "not sit as a super-personnel department that reexamines an entity's business decisions." *Alphin v. Sears, Roebuck & Co.,* 940 F.2d 1497, 1501 (11th Cir.1991) (quoting *Dale v. Chicago Tribune Co.,* 797 F.2d 458, 464 (7th Cir.1986), *cert. denied* 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987)). This Court is not concerned with either DMH's decisions affecting reorganization or the tenor of employee counseling sessions, absent any evidence of age animus. Accordingly, the Court finds the reasons stated by Defendant are sufficient to meet this burden.

█ Once a legitimate, nondiscriminatory reason for dismissal is put forward by the employer, the burden returns to the plaintiff to prove by significantly probative evidence that the proffered reason is a pretext for discrimination. *Young v. General Foods Corp.,* 840 F.2d 825, 829 (11th Cir.1988). At this point, Plaintiff's burden merges with his ultimate burden of persuading the fact finder that he had been a victim of intentional discrimination. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.d 207 (1981), *Earley v. Champion Int'l Corp.,* 907 F.2d 1077 (11th Cir. 1990). On this point, Plaintiff has failed to meet his burden of production.

█ Plaintiff asserts that his supervisors, namely Robert Johnson and Jeffrey Smith, "were employing harassing techniques for me to resign, on the pretext of finding errors and exaggerating errors on the basis of age discrimination." In characterizing his supervisors comments as "exaggerated criticism," Plaintiff referred to his impression that "in previous years, minor mistakes were handled in a more amicable, friendly manner." This statement is made notwithstanding the fact that Plaintiff remained within Vice President Smith's chain-of-command from 1983 through his termination in 1991.

Other than Plaintiff's general impressions, the record is devoid of any evidence, either direct or circumstantial, of intentional discrimination by Defendant. "[C]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered extensive evidence of legitimate, non-discriminatory reasons for its actions." *Grigsby v. Reynolds Metal Co.,* 821 F.2d 590, 597 (11th Cir.1987). Although we agree that "[i]n general, summary judgment is an inappropriate tool for resolving claims of employment discrimination, which involve nebulous questions of motivation and intent," *Grigsby,* 821 F.2d at 595 (quoting *Thornbrough v. Columbus and Greenville R.R.,* 760 F.2d 633, 640 (5th Cir.1985)), such is not the case here. Plaintiff has failed to present any significantly probative evidence as to the pretextual nature of reasons given for his dismissal. To withstand a motion for summary judgment, Plaintiff must also produce sufficient evidence by which the fact

finder might reasonably conclude that his employer intended to discriminate on the basis of age in reaching the decision at issue.

Therefore, this Court concludes that Plaintiff has failed to present any genuine issue of material fact regarding the alleged pretextual nature of his termination and it is

ORDERED that Defendant's motion for summary judgment be GRANTED and the cause of action be DISMISSED. The Clerk is directed to enter a final judgment for Defendant, Desoto Memorial Hospital Inc., in accordance with this Order. It is further

ORDERED that Plaintiff's pendant state claims be DISMISSED.

DONE and ORDERED.