896 F.Supp. 1163 (1995)
Phyllis Gould PETTIS, Plaintiff,
v.
BROWN GROUP RETAIL, INC., Defendant.
No. 95-30141-RV.
United States District Court, N.D. Florida, Pensacola Division.
July 17, 1995.
*1164 Ross M. Goodman, Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, FL, for plaintiff.
John M. Fite, Barron, Redding, Hughes, Fite, Bassett & Fenson, Panama City, FL, for defendant.

ORDER
VINSON, District Judge.
Pending is the motion of defendant Brown Group Retail, Inc. ("Brown") to dismiss Count II of the amended complaint. (doc. 8).

I. BACKGROUND

The amended complaint makes the following factual allegations: The plaintiff, Phyllis Gould Pettis, began working for Brown in July of 1968. Brown conducts business as Naturalizer Shoe Stores and Connie Shoe Stores. By 1994, Pettis had worked her way up to the position of Area Sales Manager for the Pensacola area, and was also manager of the Naturalizer Shoe Store at Cordova Mall in Pensacola, Florida. The defendant harassed Pettis in an effort to secure her resignation, gave favorable treatment to younger employees, and finally discharged Pettis on January 18, 1994, upon the pretextual ground of inept job performance. At the time Pettis was terminated, she was forty-nine years of age. Pettis was replaced by a person in her mid-to-late twenties with less experience and a less favorable job performance record than Pettis.
Count I of the amended complaint alleges that Brown violated the Age Discrimination in Employment Act [29 U.S.C. § 621, et. seq.], while Count II alleges that Brown violated the Florida Civil Rights Act of 1992 [§ 760.01, et seq., Fla.Stat. (1993)].[1] Pettis seeks relief under the Florida Civil Rights Act in the form of compensatory damages, punitive damages, reinstatement or front pay, back pay, costs, and attorney's fees. Pettis seeks relief under the Age Discrimination in Employment Act ("ADEA") in the form of damages, liquidated damages, reinstatement or front pay, back pay, costs, and attorney's fees.

II. DISCUSSION

A. Supplemental Jurisdiction

While the defendant concedes that the state age discrimination claim in Count II arises from the same operative facts as the federal ADEA claim in Count I, the defendant argues that this court should decline exercising supplemental jurisdiction over the state claim on the basis of the factors set out in Title 28, United States Code, Section 1367(c). Specifically, the defendant contends that exercising jurisdiction over the state claim would be inappropriate in this case because: (1) Florida law is unsettled as to the measurement of damages under the state claim presented here; (2) the damages available under the state statute are broader than those available under the ADEA, and thus the state law claims will substantially predominate over the federal claims; (3) the *1165 divergent legal theories of relief are likely to cause jury confusion; and (4) allowing recovery under state law will allow the plaintiff to circumvent the damages limits of the ADEA.
Under Title 28, United States Code, Section 1367(c), a district court's exercise of ancillary and pendent jurisdiction, now referred to as supplemental jurisdiction, is discretionary. Section 1367(c) provides in relevant part that:
The district courts may decline to exercise supplemental jurisdiction over claims under subsection (a) if
(1) the claim raises a novel or complex issue of state law, [or]
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or]
* * * * * *
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); Eubanks v. Gerwen, 40 F.3d 1157, 1161 (11th Cir.1994).
The defendant's main argument concerns the differing remedies available under the ADEA and the Florida Civil Rights Act.[2] Under the ADEA, liquidated damages in an amount double the amount of lost back pay may be awarded upon a finding by the court that the defendant "willfully" discriminated against the plaintiff. 29 U.S.C. 626(b). See Wilson v. S & L Acquisition Co., 940 F.2d 1429, 1432 (11th Cir.1991). Liquidated damages under the ADEA are intended to be punitive in nature. Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 125, 105 S.Ct. 613, 623, 83 L.Ed.2d 523 (1985). Neither punitive damages nor compensatory damages for pain and suffering are recoverable under the ADEA. Goldstein v. Manhattan Indus., Inc., 758 F.2d 1435, 1446 (11th Cir.), cert. denied, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985). As to the Florida Civil Rights Act, Section 760.11(5) provides for an award of "compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages." Under the statute, the total amount of punitive damages is capped at $100,000. § 760.11(5), Fla. Stat. (1993).
This is an issue which presents sound reasons for both sides, as evidenced by the division of the courts which have considered it. While damages under the Florida Civil Rights Act are measured differently than under the ADEA, such a difference does not by itself mean that the state claim in Count II "raises a novel or complex issue of state law" under Section 1367(c). It is true that the state appellate courts of Florida have not yet considered the damages provision of the Florida Civil Rights Act in reported opinion, but the statute itself clearly states what damages are available. Although some courts have declined to exercise pendent jurisdiction over state age discrimination claims on the basis that the damages provision of the state statute raised a novel issue of state law, it appears that those courts were faced with statutes that were themselves ambiguous. See, e.g., Mitroff v. Xomox Corp., 797 F.2d 271, 278-79 (6th Cir.1986) (state age discrimination statute merely provided for "an appropriate remedy," and did not state whether punitive damages were available); Goff v. Kroger Co., 647 F.Supp. 87, 87 (S.D.Ohio 1986). Such is not the case here.
Other courts have also refused to exercise pendent (supplemental) jurisdiction over state age discrimination claims on the basis that doing so would permit indirect recovery of punitive or compensatory damages [see Deutsch v. Carl Zeiss, Inc., 529 F.Supp. 215, 219 (S.D.N.Y.1981); Linares v. Univ. of Puerto Rico, 722 F.Supp. 910, 912 (D.Puerto Rico 1989); Burger v. Health Ins. Plan of Greater New York, 684 F.Supp. 46, 50 (S.D.N.Y.1988)], or would create the likelihood *1166 of jury confusion. See Hensman v. Adams County Dep't of Social Services, 623 F.Supp. 96, 97 (D.Colo.1985). However, as several district courts have noted, the determination of the scope and amount of damages is for the jury; where the jury is instructed carefully, and care is taken as to the form of the verdict, pendent or supplemental jurisdiction is not inappropriate. See Pater v. Health Care and Retirement Corp., 808 F.Supp. 573, 576 (S.D.Ohio 1992); Cripps v. United Biscuit of Great Britain, 732 F.Supp. 844, 848 (E.D.Tenn.1989); Mason v. Midwestern Fidelity Corp., 589 F.Supp. 751, 756 (S.D.Ohio 1984). See also Cancellier v. Federated Dep't Stores, 672 F.2d 1312, 1318 (9th Cir.), cert. denied, 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982).
The defendant argues that the state law claim of Count II is likely to substantially predominate over the ADEA claim. The fact that the Florida Civil Rights Act, unlike the ADEA, authorizes the recovery of compensatory and punitive damages does not necessarily lead to the conclusion that the state law claim substantially predominates over the ADEA claim. See Cedillo v. Valcar Enter. & Darling Delaware Co., 773 F.Supp. 932, 942 (N.D.Tex.1991); Buscemi v. Pepsico, Inc., 726 F.Supp. 99, 102 (S.D.N.Y.1989); Mason v. Midwestern Fidelity Corp., 589 F.Supp. 751, 756 (S.D.Ohio 1984); Nestor v. Quaker State Coca-Cola Bottling Co., 579 F.Supp. 289, 292 (W.D.Pa.1984). See Kelly v. American Standard, Inc., 640 F.2d 974, 983 (9th Cir.1981) (affirming award of compensatory damages for emotional distress under pendent state age discrimination claim). Here, the state age discrimination claim and the ADEA claim are subject to the same standards of proof and are based upon the same operative facts. In fact, district courts in Florida faced with age discrimination claims under the Florida Civil Rights Act have simply applied the body of federal law interpreting the ADEA. See Bell v. Desoto Memorial Hosp., Inc., 842 F.Supp. 494 (M.D.Fla.1994); Trumbull v. Health Care and Retirement Corp. of America, 756 F.Supp. 532 (M.D.Fla.), aff'd, 949 F.2d 1162 (11th Cir. 1991).
While pendent or supplemental jurisdiction is a matter of discretion for the district court, such discretion should generally be exercised when advantages of judicial economy, convenience, and fairness to litigants weigh in favor of hearing the claims at the same time. Hagans v. Lavine, 415 U.S. 528, 546, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577 (1974); Promisel v. First American Artificial Flowers, 943 F.2d 251, 254 (2nd Cir. 1991), cert. denied, 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992); Hess v. St. Joseph Police Pension Fund, 788 F.2d 1344, 1346 (8th Cir.1986). Under Title 28, United States Code, Section 1367(a), jurisdiction over pendent state claims is presumed; jurisdiction may only be declined if one (or more) of the factors in Section 1367(b) is present. Although it is a close question, I conclude that exercising supplemental jurisdiction over the state claim of Count I pursuant to Section 1367(a) is appropriate since the state claim here does not raise novel or complex issues of state law, and does not substantially predominate over the ADEA claim of Count I.
The defendant's motion to dismiss Count II of the amended complaint is DENIED.
DONE AND ORDERED.
NOTES
[1] The Florida Civil Rights Act originated from the Florida Human Rights Act. However, the substantive prohibitions against age discrimination in the two Acts are identical. Compare § 760.10(1)(a), Fla.Stat. (1993), with § 760.10(1)(a), Fla.Stat. (1991).
[2] While remedies under the two laws differ, age discrimination claims under the Florida Civil Rights Act have been considered under the same framework used to decide federal ADEA claims. See Bell v. Desoto Memorial Hosp., Inc., 842 F.Supp. 494 (M.D.Fla.1994); Snair v. City of Clearwater, 787 F.Supp. 1401 (M.D.Fla.1992). See also Morrow v. Duval County School Bd., 514 So.2d 1086 (Fla.1987).