Dorothy NICHOLS, et al., Plaintiff,

v.

WAL-MART STORES, INC., Defendant.

No. 95–1252–CIV–T–23E.

United States District Court, M.D. Florida, Tampa Division.

March 21, 1997.

Betsy Ellwanger Gallagher, Parenti, Falk, Waas & Frazier, P.A., Tampa, FL, Robert F. McKee, Kelly & McKee, P.A., Tampa, FL, John David Gallagher, Gallagher & Howard, Tampa, FL, for Dorothy Nichols, Marvin Nichols.

Charles A. Powell, IV, Scott T. Silverman, Zinober & McCrea, P.A., Tampa, FL, for Wal-Mart Stores, Inc.

## ORDER

McCOUN, United States Magistrate Judge.

THIS MATTER is before the court on **Defendant's Motion to Dismiss** (Doc. 84). Plaintiff has filed a response in opposition. (Doc. 88). By its Motion, Defendant seeks to dismiss Plaintiff's Florida Civil Rights Act (hereinafter "FCRA") claim.

The Defendant moves for dismissal of the FCRA claim, arguing that the Plaintiff failed to meet the administrative requirements of the FCRA before filing suit.[1] In opposing dismissal, the Plaintiff contends that the administrative requirements under the FCRA

1. The Defendant relies upon two Middle District decisions which have considered the administrative exhaustion requirements of the FCRA. *See Ayers v. Wal–Mart,* 941 F.Supp. 1163 (M.D.Fla. 1996); *Mulkey v. Equifax Card Services, Inc.,* case number 94–1080–CIV–T–25E (M.D.Fla. 1996) (unpublished trial Order). In both cases, this court dismissed state civil rights claims on these grounds.

were in no way subverted. The Plaintiff argues that the Florida Commission on Human Relations (hereinafter "FCHR") never issued any dismissal of the Plaintiff's charge, nor did it withdraw its jurisdiction within the required 180 days prior to the filing of this action and thus, a suit brought after this time period was appropriate. Fla. Stat. § 760.11(8) (1995).

## I.

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) is a motion attacking the legal sufficiency of a complaint. In deciding such a motion, the court must "accept the facts pleaded as true and construe them in a light favorable to [the] plaintiff[ ]." *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983) (citations omitted). *See also Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir.1993); *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir.1992). The "threshold of sufficiency that a complaint must meet to survive [such a motion] is exceedingly low," *Quality Foods,* 711 F.2d at 995, and therefore, a Fed.R.Civ.P. 12(b)(6) motion will rarely be granted. It will only be granted if the court finds beyond a reasonable doubt that the claimants can prove no set of facts entitling them to the relief sought. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citations omitted); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Pataula Electric Membership Corp. v. Whitworth,* 951 F.2d 1238, 1240 (11th Cir.1992); *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). The test is not whether the complainant will ultimately prevail, but whether it is entitled to offer evidence in support of the claims plead. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

If matters outside a pleading are presented to and not excluded by the court upon a Rule 12(b)(6) motion, then the motion shall be treated as one for summary judgment as provided in Rule 56 of the Federal Rules of Civil Procedure, and all parties shall be given reasonable opportunity to present all perti-

nent material to such a motion. *See* Fed. R.Civ.P. 12(b)(6). When deciding a motion for summary judgement, "[i]t is not part of the court's function . . . to decide issues of material fact, but rather [it is to] determine whether such issues exist to be tried . . ." and "[t]he court must avoid weighing conflicting evidence or making credibility determinations." *Hairston,* 9 F.3d at 919 (citing *Anderson,* 477 U.S. at 242, 106 S.Ct. at 2506–07). The only determination for the court in a summary judgment proceeding is whether there exists genuine and material issues of fact to be tried. *Hairston,* 9 F.3d at 921; *Dominick v. Dixie Nat'l Life Ins. Co.,* 809 F.2d 1559 (11th Cir.1987). All the evidence and the inferences from the underlying facts must be viewed in the light most favorable to the nonmovant. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1080 (11th Cir.1990).

Because this court has considered matters outside the pleadings, the Motion will be treated as a Motion for Summary Judgment pursuant to Rule 56, Fed.R.Civ.P. Assuming, as it must, all the evidence and inferences from the supporting facts most advantageously to the Plaintiff, this Court denies the Defendant's Motion to Dismiss (Doc. 84). The allegations raised by the Plaintiff in the Amended Complaint regarding the Florida Civil Rights Act claim sufficiently state a cause of action, and raise a genuine issue of material fact to defeat the Defendant's Motion.

## II.

A plaintiff can pursue a claim in court under the FCRA in one of two ways. First, § 760.11(4) provides that, if the FCHR determines that there is *reasonable cause* to believe that discrimination has occurred, the complainant may either "[b]ring a civil action . . . in any court of competent jurisdiction; or request an administrative hearing . . . ." Fla. Stat. § 760.11(4) 1995 (emphasis added). And second, § 760.11(8) states that, " . . . [if] the commission fails to conciliate or determine whether there is *reasonable cause* on any complaint . . . within 180 days of the filing of the complaint . . .," the complainant may proceed as if the commission had determined there was reasonable cause. Fla.

Stat. § 760.11(8) (1995) (emphasis added). Here, the plaintiff may proceed, if at all, only pursuant to Fla. Stat. § 760.14(8) (1995), since no reasonable cause determination was ever issued from the FCHR.

The pertinent facts are undisputed. On June 19, 1995, the Plaintiff filed her charge of discrimination with the FCHR and the Equal Employment Opportunity Commission (hereinafter "EEOC"). On June 22, 1995, the Plaintiff requested the issuance of a right to sue letter. *See 29 C.F.R. § 1601.28* (1995). The EEOC issued its notice of right to sue on June 30, 1995, and on August 12, 1995, the Plaintiff filed a complaint asserting her Title VII claims. One year later, on August 12, 1996, the Plaintiff filed a Motion to Amend Complaint to add the FCRA claim, which was granted on September 3, 1996. The Amended Complaint asserts violations of both Title VII and FCRA.

The Defendant argues that the FCRA claim is barred because the Plaintiff failed to comply with the requirements of Fla. Stat. § 760.11(8). By its argument, when Plaintiff requested a notice of right to sue from the EEOC, she violated the statutory scheme and thwarted the administrative procedures applicable to FCRA claims. The Defendant asserts that the request of the EEOC for a right to sue constitutes a failure to exhaust state administrative remedies within the required 180 days. In support, the Defendant has filed a copy of the worksharing agreement and a memorandum of understanding between the EEOC and the FCHR. By this agreement, each agency acts as the agent of the other for purposes of processing the initial complaints. The agreement, which appears designed to improve efficiency and to avoid needless duplication of efforts, reserves to each, the jurisdiction to resolve the claims. (Doc. 98).[2]

In opposition, Plaintiff argues that the FCHR never issued any dismissal, nor did it withdraw its jurisdiction within the 180 day term. The EEOC's notice of right to sue is not a determination of "cause" or "no cause," but rather a certification by the EEOC recognizing its inability to complete the investigation within 180 days. Plaintiff further argues that the Plaintiff did nothing to thwart the state administrative scheme, since the FCRA claim was not filed until after the required 180 days and all administrative remedies had been exhausted.

Assuming that it has application to this case, by the memorandum of understanding, the FCHR waives any initial processing of charges filed in Hillsborough County. Thus, in this case, the initial processing would have been wholly performed by the EEOC applying its own regulations. Under its procedure, the prompt issuance of a right to sue letter terminates its investigation and allows for the immediate filing of a Title VII claim. Neither the workshare agreement, nor the memorandum of understanding speak to the import of either the failure of the EEOC to complete its investigation or the issuance of a right to sue letter.

In *Ayers v. Wal–Mart, supra,* the court agreed with Wal–Mart's argument and granted summary judgment on the state claim. However, the facts in *Ayers* differed in an important particular. There, the state claim was brought prior to the expiration of the 180 day term. Here, although the Title VII claim was brought within 180 days of the filing of the EEOC complaint, the state claim was added well after the expiration of the 180 day term. Unless the request for and issuance of a right to sue letter is deemed a termination of the FCHR's jurisdiction to investigate the state claim, the Plaintiff has not defeated the procedural requirements set forth in the FCRA.[3]

The use of the notice of right to sue within the 180 day period is authorized by EEOC regulation and approved by case law. This

---

2. The court accepts, for purposes of this argument, that both the worksharing agreement and the memorandum of understandings are applicable to this claim, even though their effective dates are later in time than the issuance of the right to sue letter here.

3. This court respectfully disagrees with the *Ayers* court on this point. Nothing in the workshare agreement addresses this issue. Absent clear authority to the contrary, this court declines to use the Plaintiff's use of the right to sue procedure authorized for federal claims, as a sword to defeat a state claim not brought until after the expiration of the 180 days.

circuit recognizes that at times, the EEOC's caseload may be such that a determination on its cases is impracticable within the 180 day deadline and that the use of such letters serves the purpose of the act. *See Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1062 (11th Cir.1994). The adoption of the workshare agreement was also necessitated by the overload of cases and, by its terms, was intended to make the initial processing of identical state and federal claims more efficient. It would be utterly naive to assume that the FCHR was unaware of the EEOC's use of right to sue letters when it entered the agreement. Further, the agreement contemplates the continuous exchange of information between the agencies once processing has begun. Under the agreement, neither agency has authority to determine the jurisdiction of the other. A better reading of the workshare agreement would be that each party accepts the determination by the other, while maintaining jurisdiction, to reach contrary conclusions.

Given the remedial nature of these acts, it is inappropriate to assume, absent clear indications to the contrary, that the use of the EEOC's right to sue procedure prevents the bringing of a state rights claim where the claimant waits the required 180 days before initiating his state law claims. Pursuant to the memorandum of understanding, the EEOC was responsible for the *initial investigation* of the Plaintiff's charge. The language in the worksharing agreement demonstrates that the FCHR retained jurisdiction over the Plaintiff's charge regardless of the EEOC's investigation. The notice of right to sue states only that the EEOC's processing of the claimant's charge is terminated. There is no indication that as a matter of law (or agreement) the FCHR's investigation is prohibited or its jurisdiction defeated.

Thus, when the Plaintiff originally filed the Title VII claims against the Defendant, the FCHR's investigation was not subverted.

Under Title VII, the Plaintiff had to file the claims promptly.[4] It is apparent that before the Plaintiff filed the Amended Complaint on August 12, 1996, the FCHR had jurisdiction over the Plaintiff's claim for the required 180 days and made no determination. Under these circumstances, the state claim may be brought under Fla. Stat. § 760.11(8).

Accordingly, it is **ORDERED** that **Defendant's Motion to Dismiss** (Doc. 84) is **DENIED.**

---

**4.** The notice of right to sue clearly states that if a claimant decides to sue, they must sue "within 90 days," otherwise the right to sue is lost. The procedure serves a useful purpose to the federal statute. This court declines to hold that it should nonetheless dismiss otherwise legitimate state civil rights claims. In this court's view, these are remedial statutes which must be interpreted in light of their intended purpose to allow redress for civil rights violation. Where as here, the Plaintiff follows a course seemingly appropriate to each statute, she should be allowed to pursue both remedies.