**Joseph E. DIGIRO, Plaintiff,**

v.

**PALL AEROPOWER CORPORATION,**
**Defendant.**

No. 97–2338–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 2, 1998.

Joseph E. DiGiro, Belleair Beach, FL, pro se.

Richard C. McCrea, Jr., Cynthia L. May, Zinober & McCrea, P.A., Tampa, FL, for Defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendant's, Pall Aeropower Corporation, Motion to Dismiss Plaintiff's Amended Complaint, filed June 16, 1998. Plaintiff filed his response, (Docket No. 29) on July 28, 1998.

### STANDARD OF REVIEW

■ A district court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. See Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See Conley, 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed.R.Civ.P. 8(a)(2)).

■ In deciding a motion to dismiss, the court can only examine the four (4) corners of the complaint. See Rickman v. Precisionaire, Inc., 902 F.Supp. 232 (M.D.Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). When a plaintiff proceeds pro se, their allegations must be read liberally and the court must hold the complaint to a less stringent standard than those drafted by attorneys. See Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ In addition, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Howry v. Nisus, Inc., 910 F.Supp. 576 (M.D.Fla.1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Executive 100, Inc. v. Martin County, 922 F.2d 1536 (11th Cir.1991); Powell v. United States, 945 F.2d 374 (11th Cir.1991). With this standard in mind the Court turns to consideration of Plaintiff's claims.

### BACKGROUND

The original cause of action was filed on September 24, 1997, in a complaint (Docket No. 1) based on the Age Discrimination in Employment Act ("ADEA") and Title I of the Americans with Disabilities Act. On October 14, 1997, the Court denied Plaintiff's Motion for Appointment of Counsel. (Docket No. 3). The Defendant moved to dismiss, for the first time, on October 27, 1997, for failure to state a cause of action against Defendant and because Defendant was not named as a respondent in the administrative charge filed with the Equal Employment Opportunity Commission ("EEOC"). (Docket No. 4). On November 14, 1997, Plaintiff filed a Motion Requesting More Time to Respond to the Defendant's first Motion to Dismiss. (Docket No. 7). Plaintiff's Motion Requesting More Time to Respond was denied by the Court on November 18, 1997 for a failure to comply with Local Rule 3.01(g). (Docket No. 7).

On December 8, 1997, the Court entered an Order to Show Cause stemming from the Plaintiff's failure to respond, within the ten (10) days permitted, to Defendant's first Motion to Dismiss. (Docket No. 8). The Order to Show Cause, entered on December 8, 1997, ordered Plaintiff to respond on or before December 15, 1997. (Docket No. 8). On December 15, 1997, Plaintiff filed a response to the Court's Order to Show Cause, stating that a dismissal of Plaintiff's cause of action would cause irreparable harm and that the Court should take into consideration that Plaintiff is proceeding pro se. (Docket No. 9).

On January 28, 1998, the Court entered a second Order to Show Cause against the Plaintiff pursuant to Local Rule 3.10 for lack of prosecution, due to the nonfiling of a Case Management Report as required by Local Rule 3.05. (Docket No. 10). The Court directed the Plaintiff to show cause within eleven (11) days from the January 28, 1997 filing date. (Docket No. 10). The Plaintiff responded to the Court's Order to Show Cause on February 5, 1998. (Docket No. 11). On April 16, 1998, the Court entered a Case Management and Scheduling Order, which also granted Plaintiff's oral Motion to File an Amended Complaint. (Docket No. 18). On May 19, 1998, the Court entered a third Order to Show Cause, (Docket No. 19), against the Plaintiff for failure to file an amended complaint within the seven days permitted by court order. (Docket No. 18). On May 29, 1998, Plaintiff responded, (Docket No. 20), to the Court's Order to Show Cause dated May 19, 1998 and contemporaneously filed an Amended Complaint. (Docket No. 21).

The Amended Complaint alleges the following:

1. On or about January 17, 1980, Plaintiff was hired by Defendant. (Docket No. 21, Paragraph 7).

2. Throughout Plaintiff's employment with Defendant, Plaintiff performed his duties and responsibilities in a competent, efficient, and effective manner. Throughout Plaintiff's employment, Plaintiff received "regular salary increases, including salary increases based on merit." (Docket No. 21, Paragraph 9).

3. Throughout Plaintiff's employment with Defendant, from January 17, 1980 through March 18, 1994, "Plaintiff worked in many different departments and capacities at Pall including, but not limited to, Machine Shop, Estimating, Sales, Repairs/Reworks, Contracts and Customer Service." (Docket No. 21, Paragraph 8).

4. On or about March 18, 1994, Defendant, "eliminated Plaintiff's position; ostensibly due to a work force reduction." (Docket No. 21, Paragraph 10).

5. "On information and belief, employees significantly younger than Plaintiff, less qualified than Plaintiff and having less years of service to Defendant than Plaintiff were retained in and/or transferred to Plaintiff's position or hired to replace Plaintiff in his position." (Docket No. 21, Paragraph 11).

6. "On information and belief, in and around the year 1994, the management of Defendant had been endeavoring to reduce the size of Defendant's work force and/or employee compensation expenses by implementing personnel reductions that disproportionately focused on terminating employees who were over age 55." (Docket No. 21, Paragraph 12).

7. Plaintiff was born on October 3, 1922, and Plaintiff's age was a motivating factor in the termination of his employment with Defendant Corporation. (Docket No. 21, Paragraph 13).

8. Plaintiff filed a charge of discrimination with the "EEOC", on or about April 1994, which stated that Plaintiff's discharge and the denial of available job opportunities within Defendant Corporation were unlawfully motivated by his age. (Docket No. 21, Paragraph 14).

9. Plaintiff has "satisfied all administrative and other prerequisites for all claims for relief asserted herein." (Docket No. 21, Paragraph 14).

10. Under Count I, Plaintiff further alleges that upon information and belief, Plaintiff's age was a motivating factor in the decision by Defendant's management to terminate his employment on March 18, 1994. (Docket No. 21, Paragraph 16).

11. Defendant is liable under section 4(a) of the "ADEA", as amended, 29 U.S.C. § 623(a), for discharging Plaintiff on or about March 18, 1994, because of his age. (Docket No. 21, Paragraph 17).

12. Under Count II, Plaintiff further alleges that, "upon information and belief", Plaintiff's age was a motivating factor in Defendant's decision to terminate him. (Docket No. 21, Paragraph 19).

13. The termination of Plaintiff's employment, by the Defendant, caused Plaintiff to suffer mental anguish and emotional distress. (Docket No. 21, Paragraph 20).

14. Defendant is liable to Plaintiff for willfully violating § 760.10(1)(a) of the

**1308**

Florida Statutes, also referred to as the Florida Civil Rights Act ("FCRA"). (Docket No. 21, Paragraph 21).

## DISCUSSION

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ Defendant first alleges that Plaintiff failed to exhaust his administrative remedies and failed to allege exhaustion with respect to Count II. (Docket No. 24). However, Plaintiff has alleged in Paragraph 14 of Plaintiff's Amended Complaint that "Plaintiff has satisfied all administrative and other prerequisites for all claims for relief asserted herein and for the Court's assumption of jurisdiction over all claims for relief asserted herein." (Docket No. 21, Paragraph 14). Plaintiff realleged paragraph 14 of the Amended Complaint in Count II. (Docket No. 21, Paragraph 18).

■ In *Hazel v. School Board of Dade County, Fla.,* the United States District Court for the Southern District of Florida, Miami Division, stated that where a plaintiff alleged in a complaint that she has "complied with all conditions precedent to bringing this action" the plaintiff satisfied the requirements for exhausting administrative remedies under the "FCRA." 7 F.Supp.2d 1349 (S.D.Fla.1998). A motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., is a motion questioning the legal sufficiency of a complaint. *See Nichols v. Wal–Mart Stores, Inc.,* 958 F.Supp. 583 (M.D.Fla.1997). A court must "accept the facts pleaded as true and construe them in a light favorable to [the] Plaintiff[ ]." *See id.* (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994–95 (11th Cir.1983)). Plaintiff has alleged facts sufficient to support a finding that Plaintiff satisfied the requirement of administrative exhaustion under the "FCRA", for the purposes of the Motion to Dismiss.

### SUPPLEMENTAL JURISDICTION

■ The Defendant also states that the Court should decline to exercise supplemental jurisdiction over Plaintiff's claims under Count II of the Plaintiff's Amended Complaint. (Docket No. 24). Under Title 28 of the United States Code, section 1367(a), a district court which has original jurisdiction over an action, may also exercise supplemental jurisdiction over another claim or claims which are part of the same "case or controversy...." Under Title 28, United States Code, section 1367(c), a district court's exercise of supplemental jurisdiction is discretionary. A district court may decline supplemental jurisdiction over claims if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claims which the district court has original jurisdiction over, or in exceptional circumstances where there are compelling reasons for declining jurisdiction. *See Pettis v. Brown Group Retail, Inc.,* 896 F.Supp. 1163, 1164–65 (N.D.Fla.1995) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Eubanks v. Gerwen,* 40 F.3d 1157, 1161 (11th Cir. 1994)).

Defendant asserts that because there is a difference in the recoverable damages permitted under the "FCRA" and the "ADEA" the case would become unduly complicated and would lead to juror confusion. (Docket No. 24). Defendant also asserts that both the filing of complaints with the "FCRA" and the "ADEA" differs and that a claimant's recourse after dismissal of a claim differs enough to lead to juror confusion. (Docket No. 24).

In *Pettis,* the United States District Court for the Northern District of Florida addressed the issue of supplemental jurisdiction in an action brought involving the "ADEA" and the "FCRA." 896 F.Supp. 1163 (N.D.Fla. 1995). The court looked at previous decisions and stated that the determination of the scope and amount of damages under the "FCRA" is rightfully put before a jury. *See id.* at 1165–66. As long as the jury is instructed carefully, and the form of the verdict is constructed carefully, supplemental jurisdiction is not inappropriate. *See id.* at 1165–66 (citing *Pater v. Health Care and Retirement Corp.,* 808 F.Supp. 573, 576 (S.D.Ohio 1992); *Cripps v. United Biscuit of Great Britain,* 732 F.Supp. 844, 848 (E.D.Tenn.1989); *Mason v. Midwestern Fidelity Corp.,* 589 F.Supp. 751, 756 (S.D.Ohio 1984)).

■ While supplemental jurisdiction is a matter of discretion for the district court, it

should be exercised when it is in the interest of judicial economy, convenience, and fairness to the parties involved. *See Promisel v. First American Artificial Flowers, Inc.,* 943 F.2d 251, 254 (2nd Cir.1991) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

Therefore, it is in the interest of judicial economy and fairness to the litigants that the Court does not decline to exercise supplemental jurisdiction over Plaintiff's claims under Count II of Plaintiff's Amended Complaint, however, Count II is time-barred and will be dismissed on that basis, see below.

## STATUTE OF LIMITATIONS

Defendant also alleges that Plaintiff is time-barred with respect to Count II of Plaintiff's Amended Complaint. (Docket No. 24). Section 760.11(1) of the "FCRA" provides that "Any person aggrieved by a violation of §§ 760.01–760.10 may file a complaint with the commission within 365 days of the alleged violation...." Florida Civil Rights Act of 1992, FLA. STAT. § 760.11(1) (1997). Section 760.11(3) of the "FCRA" states that "within 180 days of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred...." Florida Civil Rights Act § 760.11(3). Section 760.11(8) of the FCRA states that "in the event the commission fails to conciliate or determine whether there is reasonable cause...within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause." Florida Civil Rights Act § 760.11(8). Under section 760.11(4) of the "FCRA" an aggrieved person may file a civil action against the person named in the complaint, once the commission has determined that there is reasonable cause to believe that a discriminatory practice in violation of the "FCRA", has occurred. Florida Civil Rights Act § 760.11(4).

■ The statutory time limit within which an aggrieved person may file a civil action, under section 760.11(5) of the "FCRA", is "no later than 1 year after the determination of reasonable cause by the commission." Florida Civil Rights Act

§ 760.11(5). Under *Milano v. Moldmaster, Inc.,* the one-year limitation on bringing a civil action begins to run at the end of the 180–day period in which the Florida commission has to determine whether reasonable cause exists. 703 So.2d 1093, 1094 (Fla. 4th DCA 1997).

In the present case, Plaintiff alleges that he was terminated by the Defendant on or about March 18, 1994. (Docket No. 21, Paragraph 10). Plaintiff was required to file a charge of discrimination, within 365 days of his termination, with "FCRA". *See* Florida Civil Rights Act § 760.11(1). In order to be timely, Plaintiff was required to file his charge of discrimination on or about March 18, 1995. The Florida commission was then given 180 days to determine whether reasonable cause existed. *See* Florida Civil Rights Act § 760.11(3). The 180 days given to the commission to determine whether reasonable cause existed ended on or about September 18, 1995. The one-year period which Plaintiff had to file a civil action began on September 18, 1995, and ended on September 18, 1996. Plaintiff's Complaint was not filed until September 25, 1997, over one year after the statutory time period had expired.

The Court has given *pro se* Plaintiff's Amended Complaint a very liberal reading as is required, *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); yet, nonetheless, finds Count II of Plaintiff's Amended Complaint time-barred.

## DISMISSAL WITH PREJUDICE

■ A dismissal of a *pro se* complaint for failure to state a cause upon which relief can be granted should be entered without prejudice to allow an amended complaint to be filed within a reasonable time, *See Bailey v. Wictzack,* 735 F.Supp. 1016, 1021 (citing *Mitchell v. Beaubouef,* 581 F.2d 412, 416 (5th Cir.1978)), unless "it appears to a certainty that plaintiff [is] entitled to no relief under any state of the facts." *See Conley,* 355 U.S. at 46–47, 78 S.Ct. 99.

Count II of Plaintiff's Amended Complaint is time-barred under the "FCRA". As such, Plaintiff is not entitled to relief under any state of the facts. Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint with prejudice is granted. Accordingly, it is

**ORDERED** that Defendant Pall Aeropower Corporation's Motion to Dismiss Count II

(Docket No. 24) be **granted** and Count II is dismissed with prejudice.