Diane D. **CHOATE**, Plaintiff,

v.

**COMMUNITY HEALTH CENTERS OF PINELLAS, INC.,** Defendant.

No. 8:00–CV–311–T26A.

United States District Court, M.D. Florida, Tampa Division.

April 27, 2000.

Christopher Cupps Ferguson, Whittemore, Ferguson, P.A., St. Petersburg, FL, Marcia S. Cohen, Cohen & Kyres, St. Petersburg, FL, for Diane D. Choate, plaintiff.

Grant David Petersen, Haynsworth, Baldwin, Johnson & Greaves LLC, Tampa, FL, for Community Health Centers of Pinellas, Inc., defendant.

## ORDER

LAZZARA, District Judge.

Before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Dkt.4) and Plaintiff's Response (Dkt.5). Defendant asserts that count II is time-barred. Based on this record and the applicable law, the Court is of the opinion that the motion should be granted.

### Pertinent Facts

On February 14, 2000, Plaintiff sued Defendant for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (count I), and the Florida Civil Rights Act of 1992 (FCRA) (count II). This action asserts violations of the two acts as early as October 1997. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on March 10, 1998. She met all of the "dual-filing" requirements for an investigation to be conducted before the EEOC and the Florida Commission on Human Relations (FCHR).[1] The EEOC indicated its intent to initially investigate the charge, and the FCHR indicated its intention to permit the EEOC to conduct an initial investigation.

Neither agency made a reasonable cause determination within 180 days of the filing of the charge, which fell on September 6, 1998 (180 days from March 10, 1998). On September 28, 1999, over one year later, the EEOC notified the parties through a letter of determination that it found reasonable cause to believe that violations of Title VII existed. After Defendant expressed its desire not to engage in settlement discussions, the EEOC on November 22, 1999, issued a notice of right to sue. The FCHR never issued any decision. Plaintiff filed this action within 90 days after the notice of right to sue.

### Analysis

Defendant argues that a complainant must file suit within 180 days and one year after filing a charge with the FCHR. Defendant cites *Anderson v. Monaco Coach Corp.*, No. 99–375–Civ–J–20B, 1999 WL 513700 (M.D.Fla. June 15, 1999); *Digiro v. Pall Aeropower Corp.*, 19 F.Supp.2d 1304 (M.D.Fla.1998); *Milano v. Moldmaster, Inc.*, 703 So.2d 1093 (Fla.Dist.Ct.App. 1997); and sections 760.11(4) and (8), *Florida Statutes* (1999),[2] as authority for its

---

1. This is not a case in which the complainant failed to check the box for dual filing or failed to fill in "the FCHR" in the box denoting the state or local agency. *See, e.g., Degitz v. Southern Management Servs., Inc.*, 996 F.Supp. 1451, 1454–55 (M.D.Fla.1998); *Arm-* *strong v. Lockheed Martin Beryllium Corp.*, 990 F.Supp. 1395, 1399 (M.D.Fla.1997).

2. Section 760.11(8) provides:
   In the event that the commission fails to conciliate or determine whether there is

proposition. After reviewing the statute and the divergent court opinions from both state and federal courts, the Court has been unable to locate a case on point.[3] The Court is unaware of any recent amendments to the FCRA that change the time limits for filing charges with the FCHR or filing civil actions.[4] Notably, the interplay of the various time limitations within section 760.11 has not yet been interpreted by the Florida Supreme Court. *See Joshua v. City of Gainesville,* 734 So.2d 1068 (Fla.Dist.Ct.App.1999), *rev. granted,* 735 So.2d 1285 (Fla.1999).

In *Digiro v. Pall Aeropower Corp.,* 19 F.Supp.2d 1304, 1309 (M.D.Fla.1998), the court, in giving the pro se plaintiff a liberal reading of his complaint, calculated the maximum number of days for bringing an action under the FCRA. There, the court reasoned that a plaintiff is required to file a charge of discrimination within 365 days of the alleged violation. *See* § 760.11(1), *Fla.Stat.* (1999).[5] From the date of the filing, the FCHR has 180 days under section 760.11(3) to reach a reasonable cause determination. From that date, a plaintiff *must* file a civil action within one year. *See* § 760.11(5), (8), *Fla.Stat.* (1999).[6]

Thus, no more than approximately two and a half years may pass between the act of discrimination and the filing of a civil action under the FCRA.

In *Anderson v. Monaco Coach Corp.,* No. 99–375–Civ–J–20B, 1999 WL 513700 (M.D.Fla. June 15, 1999), the court applied similar reasoning in a case in which the FCHR never made a reasonable cause determination. The court in *Anderson* agreed with the Fourth District Court of Appeal of Florida in *Milano* that the one-year period begins to run at the expiration of the 180–day period in which the FCHR is to make a reasonable cause determination. The *Anderson* court allotted a total of essentially two years and 180 days from the act of the discrimination to reach the bar date.

In the instant case, Plaintiff had 365 days from "early October 1997," the first alleged act of discrimination, to file a complaint with the FCHR. Plaintiff filed her charge before the 365 days ran. Assuming Plaintiff had taken the full 365 days, she would have had until at least September 30, 1998, to file her charge with the appropriate agency. The 180 days added for the reasonable cause determination falls on

---

reasonable cause on any complaint under this section within 180 days of the filing of the complaint an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.

Section 760.11(4) provides in pertinent part: In the event that the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may either:
(a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or
(b) Request an administrative hearing under § 120.57.
. . . .

**3.** In a short, unpublished order, one court has ruled on similar facts involving a determination of reasonable cause made by the EEOC after the 180–day period following the filing of the charge. The court reasoned that pursuant to the work-sharing agreement an in-

vestigation and reasonable cause determination made by the EEOC was one made "standing in FCHR's stead." *See Baron v. O'Riorden, Mann, Ingram & Dunkle, P.A.,* No. 97–2253–Civ–T–25A (M.D.Fla. Nov. 6, 1998). There, the EEOC's determination triggered the one-year court-filing deadline under the FCRA.

**4.** *See* 1999 Fla.Sess.Law Serv. 6 (West) (in chapter 99–333 § 26, legislature added to section 760.06 a subsection regarding the powers of the commission).

**5.** Section 760.11(1) provides in part that "Any person aggrieved by a violation of §§ 760.01–760.10 may file a complaint with the commission within 365 days of the alleged violation, . . ."

**6.** Section 760.11(5) provides in pertinent part: "A civil action brought under this section shall be commenced no later than 1 year after the date of the determination of reasonable cause by the commission."

March 30, 1999. One year from that date is March 30, 2000. Had this Court *not* known that the date of the dual filing with the EEOC and FCHR was March 10, 1998, well within the 365 days from the date of the first act of discrimination, this action would clearly have been timely-filed as of February 14, 2000, for purposes of a motion to dismiss. One hundred and eighty days plus one year from March 10, 1998, however, came before February 14, 2000.

In the state cases, *Milano* and *Joshua*, the plaintiffs filed charges only with the FCHR, the sole agency responsible for any investigation. Neither plaintiff filed her charge with the EEOC. The FCHR never made any determinations, and the plaintiffs filed their law suits more than 180 days plus one year from the filing of their charges with the FCHR. The state appellate courts did not consider a dual-filed situation in which the EEOC made a determination of reasonable cause after the 180 days plus one-year period had passed.

Reconciling the case law would be an onerous task.[7] In most of the cases construing the 180–day period under the FCRA, the plaintiff filed a law suit before the 180 days elapsed. *See, e.g., Brice–Northard v. The Sports Auth.*, No. 97–7275–Civ–ZLOCH, 1998 U.S. Dist. LEXIS 20408 (S.D.Fla. Aug. 13, 1998); *Ayers v. Wal–Mart Stores, Inc.*, 941 F.Supp. 1163 (M.D.Fla.1996). The concerns raised in those cases center around the policy reasons for prohibiting a complainant from prematurely filing a civil action. For example, filing a law suit before the FCHR makes a reasonable cause determination might permit a plaintiff "to successfully circumvent the possibility of a dismissal and being locked into the sole remedy of an administrative hearing." *See Brice–Northard*, at *9 (quoting *Ayers*, 941 F.Supp. at 1166–67).

Another distinguishing factor discussed in the opinions involves whether a plaintiff effectively *filed* a complaint with the FCHR or complied with the requirements of dual filing.[8] In those cases, some of the courts found that because the FCHR never technically had a *filed* document, an investigation by the FCHR was never triggered. In other cases, the courts found that under a work-sharing agreement between the EEOC and the FCHR, filing with one agency constituted filing with the other. *See Blakely v. United Servs. Auto. Ass'n*, No. 99–1046–Civ–T–17F, 1999 WL 1053122 (M.D.Fla. Oct.4, 1999); *Dawkins v. Bellsouth Telecommunications, Inc.*, 53 F.Supp.2d 1356, 1360 (M.D.Fla.1999). In *Blakely* and *Dawkins*, the plaintiffs, as here, properly filed charges with both agencies by checking the dual-filing box and writing in "FCHR" as the state or local agency.

In *Blakely*, within the 180 days plus one-year period, the EEOC made a determination that it dismissed the charge and provided the complainant with the notice of right to sue. The court permitted the

---

7. "As suggested by a review of the case law, the agency regulations, and the workshare agreement between the EEOC and the Florida commission, this is an area of confusion, if not outright disagreement." *See Armstrong*, 990 F.Supp. at 1399–1400.

8. *See, e.g., Thompson v. Nassau County Dep't of Transp.*, No. 98–205–Civ–J–21A, 1999 WL 1427715 (M.D.Fla. July 13, 1999) (work-sharing agreement insufficient to infer filing with FCHR where plaintiff filed charge with EEOC and JEOC and not FCHR); *Chancey v. Southwest Florida Water Management Dist.*, No. 95–2027–Civ–T–17C, 1997 WL 158312 (M.D.Fla. Mar.17, 1997) (although plaintiffs checked dual-filing box, they left the space for the appropriate state agency blank); *Weaver v. Florida Power & Light*, No. 95–8519–Civ–RYS-KAMP, 1996 WL 479117 (S.D.Fla. July 16, 1996), *aff'd without op.*, 124 F.3d 221 (11th Cir.1997) (on form, plaintiff did not check box for dual filing with FCHR, and plaintiff did not direct file with FCHR until too late); *Thompson v. Xerox Corp.*, No. 90–574–Civ–J-16, 1991 WL 119114 (M.D.Fla. Apr.3, 1991), *aff'd without op.*, 958 F.2d 1083 (11th Cir. 1992) (in removed case, plaintiff had filed with JEOC and not FCHR, and no formal work-sharing agreement existed between the two; therefore, plaintiff failed to properly file charges with the FCHR).

plaintiff to rely on the EEOC's dismissal as a dismissal by the FCHR. It concluded that the EEOC's decision to dismiss a claim and provide a right to file a civil action under Title VII "replaced" the decision by the FCHR. *See Blakely*, 1999 WL 1053122, at *4. The dismissal by the EEOC was the equivalent of a finding of no reasonable cause by the FCHR. *See id.*

The problem in the instant case lies in both the timing of the EEOC's determination and the role of the FCHR in a dual-filed case in which the EEOC accepts the initial investigation. Here, the EEOC did not dismiss the charge within the 180 days plus one-year period as in *Blakely.* The EEOC made its decision beyond that time.

In *Baron*, like in the instant case, the EEOC made a reasonable cause determination before the FCHR ever acted. In referencing a work-sharing agreement, the court found that the reasonable cause determination by the EEOC made after the 180-day period constituted a finding by the FCHR for purposes of triggering the one-year deadline for filing a civil action.[9] Although Plaintiff in this case references a work-sharing agreement, the parties have not filed a copy of one and not made any arguments addressing its applicability. Absent more guidance on the contents of any work-sharing agreement, whether a reasonable cause determination of the EEOC is binding on the FCHR, and whether the EEOC's taking initial charge of the investigation makes a difference as to the outcome, this Court must make its decision accordingly.

Plaintiff did not file a civil action pursuant to the FCRA until after 180 days plus one year had passed from the filing of her

charge with the FCHR.[10] Without any compelling contrary authority, the Court finds her claim under the FCRA time-barred.

It is therefore **ORDERED AND AD-JUDGED** that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Dkt.4) is **GRANTED.** Count II is dismissed.

---

9. Courts vary on whether consideration of a work-sharing agreement is necessary. For example, in *Brice–Northard*, the court wrote that "the Worksharing Agreement between the FCHR and the EEOC operates only from October 1, 1997, through September 30, 1998." *See Brice–Northard*, 1998 U.S. Dist. LEXIS 20408, at *7. Because the charges in *Brice–Northard* were filed before October 1, 1997, the court found the agreement inapplicable.

10. This Court will not attempt to interpret section 760.11 regarding whether under the confines of the FCRA, "may" means "shall," as written in section 760.11(8). Perhaps the resolution of the certified question posed in *Joshua* will provide guidance on the proper interpretation of the time limitations in section 760.11.